Case 4:22-cr-00612   Document 119   Filed on 01/18/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**EDWARD CONSTANTINESCU,<br>PERRY "PJ" MATLOCK,<br>JOHN RYBARCZYK,<br>GARY DEEL,<br>STEFAN HRVATIN,<br>TOM COOPERMAN<br>MITCHELL HENNESSEY,<br>DANIEL KNIGHT**<br><br>**Defendants.** | Case No. 22-CR-00612 |

## ORDER GRANTING UNOPPOSED MOTION FOR STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the United States, pursuant to Fed. R. Crim. P. 16(d), and the Court having found that discovery in this case contains sensitive, proprietary, and confidential financial and business information, the unprotected disclosure of which could create a substantial risk of harm to non-parties, it is hereby ORDERED:

1. With the exception of publicly available documents and documents contained in the defendants' own electronic devices and accounts, including any documents, objects, data, or information that originally belonged to the defendants ("Excluded Materials"), and without limiting the defendants' rights under the United States Constitution or the Federal Rules of Criminal Procedure, all materials provided by the

United States in this case, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *Giglio v. United States*, are subject to this protective order and considered "Protected Materials."

2. Protected Materials may be used by the defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, including any appeal thereof. Defendants may also use Protected Materials in *S.E.C. v. Constanin, et al.*, 4:22-cv-04306 ("SEC Case"), provided that such use is consistent with the provisions of this Order as set forth below. Neither the defendants nor defendants' counsel may use Protected Materials for any other purpose or in any other proceeding without further order from this Court.

3. Defendants and defendants' counsel shall not disclose Protected Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons").

4. Defendants, defendants' counsel, and Authorized Persons shall not copy or reproduce Protected Materials except to provide copies of for use in connection with this case or the SEC Case by defendants, defendants' counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original Protected Materials.

5. Defendants, defendants' counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of Protected Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original Protected Materials.

6. This Order does not prevent the disclosure of Protected Materials in any motion, hearing, trial, sentencing or proceeding held in this action or the SEC Case or to any district judge or magistrate judge of this Court (or their staff), including but not limited to by filing any such Protected Material electronically via Electronic Case Filing (ECF) in this action or the SEC Case.

7. Upon conclusion of all stages of this case, all Protected Materials (except those that have been made part of the record of this case or the SEC Case) and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Protected Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in each defendants' counsel's case file. The Court may require a certification as to the disposition of any such Protected Materials. In the event that the Protected Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Protected Materials are so maintained, and the Protected Materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent that any documents, objects, or information are mistakenly produced by the United States to defendants or defendants' counsel, the United States shall have the right to request the return of the specified documents, objects, or information and shall do so in writing. Within five days of the receipt of such a request, each respective defendant and/or that defendant's counsel shall either (1) return all such mistakenly produced material if in hard copy, or in the case of electronic materials, shall certify in writing that all copies of the specified mistakenly produced material have been permanently deleted from any location in which the material was stored, or (2) file an appropriate motion with the Court requesting permission to retain the materials. In the event a defendant moves to retain the materials, such defendant is permitted to retain the mistakenly produced materials pending the Court's determination with respect to the motion and unless the Court orders the return or permanent deletion of the materials as described above.

9. The restrictions in this Order do not apply to Excluded Materials and documents that are or become part of the public court record, including documents that are received in evidence at trial, nor do the restrictions in this Order limit defendants' counsel in the use of discovery materials in representing their client in judicial proceedings in this case or the SEC Case.

10. The terms of this Order shall not apply to materials, including documents, objects, data, or information received by defendants or defendants' counsel from a source

other than the Government. To the extent that the Government's discovery contains materials and information that are also publicly available or contained in the defendants' own electronic devices, documents, and accounts, nothing in this Order shall restrict the defendants' use of such materials. Defendants' counsel may challenge at any time the Government's designation of Protected Materials.

11. Nothing contained in this Order shall preclude defense counsel at any time from entering into an agreement with the Government, and/or seeking an order from this Court excluding certain specified discovery materials from the scope of this Order. Additionally, nothing in this Order shall preclude any party to this Order from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED:

_____
ANDREW S HANEN
United States District Judge
United States District Court for the Southern District of Texas

Date: 1/18/23