IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **EDWARD CONSTANTINESCU,** <br> **PERRY "PJ" MATLOCK,** <br> **JOHN RYBARCZYK,** <br> **GARY DEEL,** <br> **STEFAN HRVATIN,** <br> **TOM COOPERMAN** <br> **MITCHELL HENNESSEY,** <br> **DANIEL KNIGHT** <br><br> **Defendants.** | Case No. 22-CR-00612 |

<u>**OPPOSED MOTION**</u>
<u>**TO AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES**</u>

Under 18 U.S.C. § 3771(d)(2), the United States of America, by and through the undersigned counsel, respectfully moves for authorization to use alternative victim notification procedures – namely, publication on a Department of Justice website – because the large number of potential crime victims in this case makes it impracticable to notify them on an individual basis. Counsel for Defendants oppose this motion.

1

**Background**

On December 7, 2022, the Defendants were charged with conspiracy to commit securities fraud in violation of 18 U.S.C. § 1349, various of the Defendants were charged with various substantive counts of securities fraud in violation of 18 U.S.C. §§ 1348 & 2, and Defendant Edward Constantinescu a/k/k Constantin ("Constantin") was also charged with one count of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a).

The Indictment alleges, generally, that from in or around January 2020 to in or around April 2022, the Defendants—Constantin, Perry "PJ" Matlock, John Rybarczyk, Gary Deel, Stefan Hrvatin, Tom Cooperman, Mitchell Hennessey, and Daniel Knight—conspired and schemed to "pump and dump" securities based on false and misleading information and material omissions about those securities that the Defendants published on social media platforms, including Twitter, Inc. and Discord, Inc. To carry out the charged conduct, the Defendants (1) purchased shares of a security in their trading accounts; (2) posted messages on social media platforms with false, positive information about the security—including as to, among other things, the Defendants' position in the security, how long the Defendants intended to hold the security, the Defendants' view that the security would increase in price, and the price the security could reach—to induce other investors to buy the security and artificially drive up its price, and (3) secretly sold their own shares of the security at a higher price to secure a profit for themselves, at or around the time they posted messages to induce other investors to purchase the same security and concealed their intent to sell.

Defendants' charged conduct targeted their vast social-media followings on both Twitter in Atlas Trading Discord. So too did it cross numerous securities over at least two years. The potential victims of Defendants' conduct are therefore numerous.

## THE CRIME VICTIMS' RIGHTS ACT

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The CVRA requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in [3771] (a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b).

A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). Importantly, the CVRA recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The CVRA places no limitations on the alternative procedures which a Court may fashion other than the procedures be reasonable to effectuate the CVRA and that they not unduly complicate or prolong the proceedings. *Id.*

Here, the "direct and proximate" potential victims of the charged securities fraud scheme are the market participants that traded the various securities with which the Defendants executed their scheme throughout the relevant period in the Indictment. Given the Defendants' vast social-media followings, the United States believes that numerous market participants may have been affected by Defendants' charged conduct. It is therefore impracticable for the United States to, among other things, identify and provide individualized notice to each potential crime victim under 18 U.S.C. § 3771(a).

As an alternative procedure to notify potential crime victims in this case, the United States proposes that it maintain a public Department of Justice website at https://www.justice.gov/criminal-vns/case/united-states-v-constantinescu-et-al. The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents. The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

Courts have authorized the use of a website by the United States to notify potential crime victims under the CVRA in other complex fraud cases that involved numerous potential victims, including cases with potential victims of conduct similar to that in this case. *See United States v. Schessel*, 22-cr-374, Doc. Nos. 30, 31 (D.N.J. Nov. 21, 2022) (finding that victim notification by publication on a Department of Justice website that avoids multiple unnecessary repetitions of the allegations a reasonable procedure that would both give effect to the CVRA and not unduly complicate or prolong the proceedings); *United States v. Elbaz*, 18-CR-157-TDC, Doc. No. 89 (D. Md. Nov. 5, 2018) (granting motion to permit victim notification through the use of a website in a case involving an alleged conspiracy to defraud investors in binary options); *United States v.*

4

*Babich*, No. CR 16-10343-ADB, 2017 WL 8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification procedures appropriate, including the use of website, in a fraud case involving a four-and-a-half year conspiracy where the United States "had positively identified approximately 30 victims and potentially there were thousands of victims"); *United States v. Citicorp*, No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (permitting victim notification through a Department of Justice website and through letters to lead counsel for plaintiffs in private civil litigations); *United States v. Madoff*, No. 08 Mag. 2735, slip op. at 1–3 (S.D.N.Y. Mar. 6, 2009) (finding the CVRA satisfied by the United States' posting notices about scheduled public proceedings on the U.S. Attorney's Office website and by having the court-appointed trustee include a link to the U.S. Attorney's Office website on the trustee's own website); *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the large number of potential alleged crime victims, notification by publication [on the U.S. Attorney's Office website or a Department of Justice website] is a reasonable procedure that will both give effect to the [statute] and will not unduly complicate or prolong the proceedings.").

Thus, the United States respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the United States to use a website as a reasonable alternative procedure for notifying potential crime victims in this case.

Dated: January 19, 2023

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division, Department of Justice

By: /s/ Scott Armstrong
    Scott Armstrong, Assistant Chief
    John J. Liolos, Trial Attorney
    Fraud Section, Criminal Division
    United States Department of Justice
    1400 New York Ave. NW
    Washington, DC 20005
    Tel.: (202) 355-5704

ALAMDAR HAMDANI
United States Attorney
 for the Southern District of Texas

By: /s/ Heyward Carter
    Thomas H. Carter
    Assistant United States Attorney
    State Bar Nos.: TX24048387
    1000 Louisiana Street, 25th Floor
    Houston, Texas 77002
    Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered by ECF to counsel of record for Defendants on January 19, 2023.

*/s/ Scott Armstrong*
Scott Armstrong
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 355-5704
Scott.armstrong@usdoj.gov
