IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EDWARD CONSTANTINESCU,**<br>**PERRY "PJ" MATLOCK,**<br>**JOHN RYBARCZYK,**<br>**GARY DEEL,**<br>**STEFAN HRVATIN,**<br>**TOM COOPERMAN,**<br>**MITCHELL HENNESSEY,**<br>**DANIEL KNIGHT.** | **No. 4:22-CR-00612-S** |

## <u>DEFENDANT EDWARD CONSTANTINESCU'S</u>
## <u>MOTION TO DISMISS COUNT TWENTY-ONE OF THE INDICTMENT</u>

TABLE OF CONTENTS

I.      LEGAL STANDARD ............................................................................................4

II.     ARGUMENT.......................................................................................................4

CONCLUSION ............................................................................................................10

TABLE OF AUTHORITIES

*Davis v. Michigan Dep't of Treasury*,
   489 U.S. 803 (1989) ...........................................................................................6

*Holcombe v. United States*,
   388 F. Supp. 3d 777 (W.D. Tex. 2019) ..............................................................5

*Morgan v. Kalaco Sci., Inc*,
   No. CV-07-0786-PHX-SRB, 2008 WL 11449239 (D. Ariz. Mar. 5, 2008) ............9

*Republic of Sudan v. Harrison*,
   139 S. Ct. 1048 (2019)........................................................................................6

*United States v. All Funds on Deposit at Citigroup Smith Barney Acct. No. 600-00338 held in the
Name of Kobi Alexander, No. 06CV3730(NGG)*,
   2008 WL 3049895 (E.D.N.Y. Aug. 1, 2008) .....................................................9

*United States v. Deeb*,
   175 F.3d 1163 (9th Cir. 1999) ........................................................................5, 9

*United States v. Howard*,
   No. CR H-03-0093, 2005 WL 8157704 (S.D. Tex. Apr. 7, 2005)..........................5

*United States v. Johnson*,
   440 F.3d 1286 (11th Cir. 2006).........................................................................9

*United States v. Masha*,
   990 F.3d 436 (5th Cir. 2021) ............................................................................4

*United States v. Palomares*,
   52 F.4th 640, 642 (5th Cir. 2022) .....................................................................6

*United States v. Radley*,
   659 F. Supp. 2d 803 (S.D. Tex. 2009), aff'd, 632 F.3d (5th Cir. 2011)...................4

*United States v. Schneider*,
   853 F. App'x 463 (11th Cir. 2021) ...................................................................3

*United States v. Stein*,
   964 F.3d 1313, 1317 (11th Cir. 2020) ...............................................................3

*United States v. Vampire Nation*,
   451 F.3d 189, 194, 200, 209 (3d Cir. 2006) .......................................................3

*United States v. White*,
  258 F.3d 374, 381 (5th Cir. 2001) ...................................................................4

Statutes and Rules:

18 U.S.C. Chapter 95 ...........................................................................................1

18 U.S.C. § 1348 ........................................................................................1, 2, 3, 8

18 U.S.C. § 1349 ...........................................................................................2, 3, 4

18 U.S.C. § 1956 ...............................................................................................1, 2

18 U.S.C. § 1956(7)(F) ...........................................................................................2

18 U.S.C. § 1957 ...........................................................................................1, 2, 3

18 U.S.C. § 1957(a) .............................................................................................2, 5

18 U.S. Code § 1961(1) ...............................................................................5, 6, 7, 8

18 U.S.C. § 1961(1)(B) .........................................................................................2, 5

18 U.S. Code § 1961(1)(D) ....................................................................................2, 8

18 U.S.C. § 1962(a) ...............................................................................................9

Fed. R. Crim. P. 7(c)(1) ..........................................................................................4

Fed. R. Crim. P. 12(b)(3)(B)(v) .................................................................................4

Defendant Edward Constantinescu ("Constantinescu") by and through his undersigned counsel, respectfully moves this Court, pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure, to dismiss Count Twenty-One ("Count 21") of the Superseding Indictment ("Indictment") for failure to allege Constantinescu engaged in monetary transactions in property derived from specified unlawful activity pursuant to 18 U.S.C. § 1957.

## **<u>INTRODUCTION</u>**

Count 21 of the Indictment, charging Constantinescu with money laundering, must be dismissed as it fails to allege a legally cognizable predicate act of "racketeering." In fact, the Indictment has nothing to with racketeering or money laundering. Rather, the government uses the Count as a vehicle to seek forfeiture of Constantinescu's family home and other properties. In its rush to include this dubious Count, the government has even incorrectly identified properties belonging to other defendants as being owned by Constantinescu. Whatever the government's motive for including this hastily drafted Count, it must be dismissed as legally deficient.

Specifically, Count 21 of the Indictment charges Constantinescu with "Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity" pursuant to 18 U.S.C. § 1957. Section 1957 criminalizes racketeering based "money laundering." *See generally* 18 U.S.C. Chapter 95; *see also* 18 U.S.C. § 1956 ("Laundering of monetary instruments"). It limits itself to "monetary transactions in criminally derived property … derived from *specified unlawful activity.*" 18 U.S.C. § 1957(a). "Specified unlawful activity" is defined in section 1956, and includes all activities described in section 1961(1). Neither recognizes and, in fact, both noticeably exclude section 1348 (Securities and commodities fraud) and section 1349 (defining attempt and

conspiracy to commit mail fraud and other fraud offenses) from the definition of "specified unlawful activity."

Count 21 of the Indictment, however, purports to charge Constantinescu with a section 1957 violation based on "conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 1349, as described in Count One of this Superseding Indictment." Indictment, ¶ 126. The basis for that conspiracy Count is the section 1348 securities fraud charges brought against Constantinescu in Counts 2, 14, 15, 18, and 20.

Neither charge constitutes "specified unlawful activity" which may form the predicate for a money laundering charge under section 1957. Rather, section 1956 (which cross references section 1961(1)) provides an *exclusive* list of racketeering activity. Securities fraud under section 1348, and conspiracy to commit securities fraud under section 1349, are both intentionally excluded from all lists delineating "specified unlawful activity" in sections 1956 and 1961(1), despite section 1961(1)'s inclusion of *over ninety specified sections from Title 18*. Indeed, section 1961(1)(B) sets forth an *exclusive* list of all title 18 offenses that may constitute "racketeering activity" under sections 1956 and 1957. That list includes four of the six fraud offenses set forth in Chapter 63, while omitting section 1348. To be clear, along with about 87 other statutory offenses, subsection (B) of section 1961(1) lists from Chapter 63, in its definition of "racketeering activity:" "section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting)," but intentionally omits the two other types of fraud offenses described in Chapter

63: section 1347 (relating to health care fraud)[1] and section 1348 (relating to securities and commodities fraud).

Section 1348's absence illustrates just one of the ways that the legislature has indicated its intent to exclude the type of section 1348 securities fraud scheme alleged here from section 1961(1)'s definition of racketeering activity. In fact, the overall statutory scheme makes clear that, Congress intended for RICO to cover only a specific subset of activity related to securities fraud – the fraudulent *sale* of securities by issuers and those that control them. When faced with a proposal to change section 1961(1)'s language to include "fraud *in the purchase or sale* of securities," the legislature declined. Thus, section 1961(1)'s limiting language with respect to the *sale* of securities demonstrates RICO's further intentional exclusion of the type of securities fraud contemplated by section 1348 in its definition of "racketeering activity."

This novel legal question—whether a section 1348 securities fraud charge can form the predicate for a charge of money laundering under section 1957—has not been resolved by the Fifth Circuit. In fact, it is largely untouched by all federal courts.[2] Nevertheless, as a matter of statutory construction, the question must be resolved in the negative. And, because the Indictment does not

---

[1] 18 U.S.C. § 1956(7)(F) includes a catchall for "any act or activity constituting an offense involving a Federal health care offense," which explains the legislature's decision to omit section 1347 as redundant. Section 1956 includes no such similar catchall for securities fraud. While section 1961(1)(D) references "fraud in the sale of the securities," courts have interpreted this to reference fraud in the "actual sale" of securities, such as counterfeiting and forgery type offenses, as discussed more fully herein.

[2] After diligent search we have been unable to find a section 1957 conviction predicated on section 1348 securities fraud alone and analyzed by a court. In practice, section 1957 money laundering charges are regularly brought along with section 1341 mail fraud and/or section 1343 wire fraud, which are enumerated in section 1961(1). *See e.g. United States v. Vampire Nation*, 451 F.3d 189, 194, 200, 209 (3d Cir. 2006) (affirming forfeiture judgment predicated on mail fraud and section 1957 money laundering where defendant was found guilty of three counts of mail fraud (section 1341) and one count of uttering and possessing counterfeit and forged securities (section 513)). With respect to section 1348 securities fraud charges, we found two affiliated cases from the 11th Circuit where the defendants were convicted of section 1348 securities fraud, as well as section 1957 money laundering. In both cases, the defendants were also charged with section 1343 wire fraud and their section 1349 conspiracy charges alleging conspiracy to commit wire and/or mail fraud). *See United States v. Schneider*, 853 F. App'x 463 (11th Cir. 2021); *United States v. Stein*, 964 F.3d 1313, 1317 (11th Cir. 2020). Whether section 1348 formed the predicate for the money laundering convictions was not addressed and the Defendants' convictions were affirmed on other grounds.

3

charge Constantinescu with anything qualifying as "specified unlawful activity" under section 1957, the money laundering charge in Count 21 must be dismissed.

## LEGAL STANDARD

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A defendant may move the court to dismiss a defective indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). Because such a motion "is a challenge to the sufficiency of the indictment," *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021), the court "takes all the allegations in the indictment as true." *United States v. Radley*, 659 F. Supp. 2d 803, 805 n.1 (S.D. Tex. 2009), aff'd, 632 F.3d 177 (5th Cir. 2011). An indictment is sufficient only "if (1) it contains the elements of the offense charged, (2) it fairly informs the defendant of the charge he must meet, and (3) there is no risk of future prosecutions for the same offense." *Masha*, 990 F.3d at 443 (internal quotation omitted).  Indeed, "[t]o be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense." *United States v. White*, 258 F.3d 374, 381 (5th Cir. 2001).

## ARGUMENT

The Indictment charges Constantinescu (but no other co-defendants) with racketeering based money laundering in violation of section 1957 based upon his alleged participation in a conspiracy to commit securities fraud with the other seven defendants in violation of section 1349. But neither the section 1349 conspiracy charge in Count 1, nor the section 1348 securities fraud charges included in Counts 2, 14, 15, 18 and 20, can provide the predicate for a section 1957 charge because nothing alleged in the Indictment qualifies as "specified unlawful activity" under the statute.

The plain language of section 1957 provides:

> Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 *and is derived from specified unlawful activity*, shall be punished as provided in subsection (b).

18 U.S.C. 1957(a) (emphasis added). Thus, to establish a money laundering offense under section 1957, "the government must allege and prove that [Constantinescu] engaged in a monetary transaction in property 'derived from specified unlawful activity.'" *United States v. Howard*, No. CR H-03-0093, 2005 WL 8157704, at *2 (S.D. Tex. Apr. 7, 2005) (citing 18 U.S.C. 1957(a)). "Specified unlawful activity" is defined in section 1956 of the same title. 18 U.S.C. § 1957(f)(3). Section 1956, entitled "Laundering of monetary instruments," explains that the term "specified unlawful activity" includes, *inter alia*, "any act or activity constituting an offense listed in section 1961(1)." *Id*. § 1956(c)(7)(A). The offenses listed in section 1961(1) are considered "racketeering" offenses and that section, entitled "Definitions," simply defines "racketeering activity" under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S. Code § 1961(1); *see United States v. Deeb*, 175 F.3d 1163, 1167 (9th Cir. 1999); *Howard*, 2005 WL 8157704, at *2.

Subsection (B) of section 1961(1) delineates *over ninety* specific offenses indictable under Title 18 which are included in its definition of "racketeering activity." Included in that list are four of the six types of fraud offenses indictable under Chapter 63. Specifically, 1961(1)(B) identifies: "section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting)." 18 U.S.C. 1961(1)(B). Of those Chapter 63 offenses included in section 1961(1), two types of fraud are excluded: section 1347 (relating to health care fraud)and section 1348 (relating to securities and commodities fraud). 18 U.S.C. § 1961(1)(B). It is clear that section 1348 securities fraud was intentionally excluded by the legislature. *See Holcombe v. United States*, 388 F. Supp. 3d 777,

797 (W.D. Tex. 2019) ("Under the construction doctrine *expression unius est exclusion alterius* 'to express or include one thing implies the exclusion of the other . . . .'").

Statutory interpretation begins, "as always, with the text of the statute." *United States v. Palomares*, 52 F.4th 640, 642 (5th Cir. 2022); *see also Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1056 (2019) (internal citation and quotations omitted) ("we begin where all such inquiries must begin: with the language of the statute itself."). But courts "do not look at a word or a phrase in isolation. The meaning of a statutory provision is often clarified by the remainder of the statutory scheme." *Palomares*, 52 F.4th at 642-43; *see also Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) (citation omitted) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

The complete text of section 1961(1) provides:

(1) "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) ***any act which is indictable under any of the following provisions of title 18***, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891–894 (relating to extortionate credit transactions), section 932 (relating to straw purchasing), section 933 (relating to trafficking in firearms), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), ***section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1351 (relating to fraud in foreign labor contracting)***, section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461–1465 (relating to obscene matter), section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal

investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581–1592 (relating to peonage, slavery, and trafficking in persons).,[1] sections 1831 and 1832 (relating to economic espionage and theft of trade secrets), section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341–2346 (relating to trafficking in contraband cigarettes), sections 2421–24 (relating to white slave traffic),[2] sections 175–178 (relating to biological weapons), sections 229–229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), *fraud in the sale of securities*, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B);

18 U.S.C. § 1961(1) (emphasis added). Not included in subsection (B), which lists over ninety Title 18 offenses and four of the six Chapter 63 fraud offenses, and instead appearing in an uncategorized subsection (D), sandwiched in between "any offense involving fraud connected with a case under title 11" and "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical" is a simple reference to "fraud *in the sale* of securities." 18 U.S. Code § 1961(1)(D) (emphasis added). This placement further corroborates the legislature's intention to exclude section 1348 from its definition of "racketeering activity" in section 1961(1).

Additionally, that simple reference to "fraud *in the sale of* securities" does not align with the language used section 1348, which describes securities fraud as follows:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice— (1) to defraud any person *in connection with* . . . *any security* . . . or (2) . . . obtain[s], by means of false or fraudulent pretenses, representations, or promises, any money or property *in connection with the purchase or sale of* . . . *any security*.

18 U.S.C. § 1348 (emphasis added). The "in connection with" language is well-known in securities law, yet is notably absent from section 1961(1). And, when faced with a proposed amendment in 2004 which would have changed the language of that phrase to insert "fraud *in the purchase or sale* of securities," the legislature opted to maintain its limiting "fraud in the sale" language. 150 Cong. Rec. S9959-01, 150 Cong. Rec. S9959-01, S9977, 2004 WL 2186117.

With respect to RICO's overall statutory scheme and the legislature's intent, its section describing "prohibited activities" elucidates the meaning of section 1961(1)'s reference to "fraud in the sale of securities." Section 1962 states:

> A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, *shall not be unlawful under this subsection* if the securities of the issuer held by the purchaser . . . do not amount in the aggregate to

one percent of the outstanding securities of any one class, *and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.*

18 U.S.C. § 1962(a) (emphasis added). Thus, even in the limited instances where the *purchase* of securities may be considered prohibited activity under section 1962, it must necessarily feature the investor's "power to elect one or more directors of the issuer," that is, to exercise control over the issuer. *Id.* It follows that the type of activity contemplated by section 1961(1)'s reference to "fraud in the sale of securities" was clearly directed at *issuers* of fraudulent securities and those that control them. In the context of section 1957, this is represented by the quintessential case where an issuer of securities receives funds from "bogus stock offerings." *See United States v. Johnson*, 440 F.3d 1286, 1289–90 (11th Cir. 2006) (affirming section 1957 convictions where defendant raised proceeds from "bogus stock offerings" in a company for which he served as president, majority shareholder, chairman, and chief executive officer); *see also United States v. All Funds on Deposit at Citigroup Smith Barney Acct. No. 600-00338 held in the Name of Kobi Alexander*, No. 06CV3730(NGG), 2008 WL 3049895, at *4 (E.D.N.Y. Aug. 1, 2008) (even if section 1961(1) "applies only to sales of securities . . . the *issuance* of . . . options by [defendant's company] constituted a sale of securities") (emphasis added).

RICO's indication that the "*purchase* of securities on the open market for purposes of investment" is not considered unlawful (absent control of the issuer) makes clear that section 1961(1)'s reference to "fraud in the sale of securities" was not directed at defendants who were trading on the open market and did not, in fact, sell fraudulent securities. The Indictment contains no allegations that Constantinescu sold fraudulent securities.

The Ninth Circuit, looking to the plain and unambiguous language of the statute, has reached this precise conclusion, explicitly holding: "the money laundering statute only covers sales of securities and not purchases." *Deeb*, 175 F.3d at 1167; *see also Morgan v. Kalaco Sci., Inc.*,

No. CV-07-0786-PHX-SRB, 2008 WL 11449239, at *6 (D. Ariz. Mar. 5, 2008) ("The RICO predicate offense of 'fraud in the sale of securities' is *specifically limited to cases where the fraud occurred during the sale of securities*"). In *Deeb*, the court rejected the government's contention that "racketeering activity" must include both the purchase and sale of securities, emphasizing that that court would not "tortur[e] the explicit terms of the RICO statute to mean something more than the words can bear." *Deeb*, 175 F.3d at 1167. *Deeb*'s persuasive interpretation is consistent not only with the plain and unambiguous language of section 1961(1), but aligns with RICO's intent to punish only a specific subset of racketeering activity related to securities—namely the fraudulent sale of securities by the issuer or those controlling the issuer.

In sum, a section 1348 securities fraud charge (or a section 1349 conspiracy charge based on a section 1348 violation) cannot form the predicate for a section 1957 money laundering charge because (1) section 1961(1) specifically excludes it, while enumerating four other Chapter 63 fraud offenses and about ninety other Title 18 offenses, and (2) section 1961(1)'s plain reference to "fraud *in the sale* of securities" was intentionally limited to activity concerning the *actual sale* of securities. Thus, the Indictment's allegation that Constantinescu participated in a "scheme" to commit securities fraud under section 1348 cannot form the predicate for its section 1957 money laundering charge.

## CONCLUSION

For the reasons set forth herein, Constantinescu respectfully requests the Court dismiss Count 21 of the Indictment.

Respectfully Submitted,

Matthew A. Ford
Texas Bar No. 24119390
mford@fordobrien.com

10

Lead Attorney

Cara J. Filippelli
Texas Bar No. 24126183
cfilippelli@fordobrien.com
Associate Attorney

Ford O'Brien Landy, LLP
3700 Ranch Road 620 South, Suite B
Austin, Texas 78738
Telephone: (212) 858-0040
Facsimile: (212) 256-1047

*Attorneys for Defendant*
*Edward Constantinescu*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

**Matthew A. Ford /s/**
Matthew A. Ford