

March 1, 2022

BY EMAIL

Thomas H. Carter
Assistant United States Attorney
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
U.S. Attorney's Office for the Southern District of Texas
cc: john.liolos@usdoj.gov; scott.armstrong@usdoj.gov

Re: *United States v. Constantinescu*, et al., No. 4:22-cr-00612-S

Dear Mr. Carter:

On behalf of Edward Constantinescu, we respectfully write to request prompt production of any and all materials, including documents and information in the possession, custody, and control of the government, including the United States Department of Justice and the United States Attorney's Office for the Southern District of Texas, the Federal Bureau of Investigation ("FBI") the Securities and Exchange Commission ("SEC"), and the Financial Industry Regulation Authority ("FINRA"), pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), the Fifth and Sixth Amendments to the Constitution of the United States, and all other applicable law (collectively, "*Brady* Material").

As the government well knows, "a defendant's due process rights are violated when the prosecution suppresses evidence that is exculpatory." *United States v. Cessa*, 861 F.3d 121, 128 (5th Cir. 2017) (citing *Brady*, 373 U.S. at 87). Evidence is exculpatory if it is "material either to guilt or punishment." *United States v. Sipe*, 388 F.3d 471, 477–78 (5th Cir. 2004) (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

There is no question that "[i]mpeachment evidence falls within *Brady*'s reach." *United States v. Miller*, 520 F.3d 504, 514 (5th Cir. 2008); *see also Cessa*, 861 F.3d at 128 ("The principle also applies to evidence that could be used to impeach prosecution witnesses") (citing *Giglio*, 405 U.S. at 152–54). "[I]f the impeaching evidence would seriously undermine the testimony of a key witness on an essential issue or there is no strong corroboration, the withheld evidence has been found to be material." *Sipe*, 388 F.3d at 478. (quotations omitted). Simply put, "[i]mpeachment evidence falls within the *Brady* disclosure rule because such evidence may make the difference between conviction and acquittal." *Banks v. Thaler*, 583 F.3d 295, 311 (5th Cir. 2009) (citing *Bagley*, 473 U.S. 676) (quotations and alterations omitted). And, to be clear, prosecutors have an affirmative duty to "learn of any favorable evidence known to the others acting on the government's behalf." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

Given that the government was ordered on December 16, 2022 to "comply with the prosecutor's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963)" [ECF NO. 42], we are seeking prompt production of any and all *Brady* Material. In order to avoid any confusion or ambiguity regarding the scope of the government's disclosure obligations, set forth below are specific examples of documents and information that would constitute *Brady* Material the government is obligated to disclose. The information we seek includes, but is not limited to, the specific examples below, in order to (i) allow sufficient time for the defense to conduct any necessary investigation, (ii) enable the defense to determine what motions, if any, may be necessary, and (iii) enable the undersigned counsel to prepare for trial, including the identification of potential rebuttal witnesses.

*Definitions*

"At-Issue Posts" refers to any social media post, reply, comment, or other representation that the government alleges was shared by Mr. Constantinescu, any of the Co-Defendants, or any other individual in furtherance of the alleged "scheme" to commit securities fraud or alleged conspiracy to commit securities fraud.

"Charged Securities" refers to any of the securities identified in connection with counts of securities fraud charged to Mr. Constantinescu, meaning: Onconova Therapeutics, Inc. (ONTX), Camber Energy, Inc. (CEI), DatChat, Inc. (DATS), My Size, Inc. (MYSZ), and Brickell Biotech, Inc. (BBI).

"Co-Defendants" refers to the named co-defendants in this matter, meaning: Perry "PJ" Matlock, John Rybarczyk, Gary Deel, Stefan Hrvatin, Tom Cooperman, Mitchell Hennessey, and Daniel Knight.

"Co-Defendant Securities" refers to any of the securities identified in connection with counts of securities fraud charged to other defendants, meaning: China SXT Pharmaceuticals, Inc. (SXTC), CBAK Energy Technology, Inc. (CBAT), Torchlight Energy Resources, Inc. (TRCH), Vislink Technologies, Inc. (VISL), GTT Communications, Inc. (GTT), Regulus Therapeutics, Inc. (RGLS), Surface Oncology, Inc. (SURF), Alzamend Neuro, Inc. (ALZN), Universe Pharmaceuticals, Inc. (UPC), ABVC BioPharma, Inc. (ABVC), Naked Brand Group (NAKD), EZFill Holdings, Inc. (EZFL), or ShiftPixy, Inc. (PIXY).

"Documents or Information" means all documents, objects, communications, statements of witnesses, and any other evidence and information and/or notes or recordings relating thereto in the possession, custody, or control of the United States Department of Justice and the United States Attorney's Office for the Southern District of Texas. It also includes any and all Documents or Information in the possession, custody, or control of the FBI, and thus requires a search of the text messages, emails, and documents of the case agent and any other agent at the FBI who has worked on the investigation relating to Mr. Constantinescu. It also includes Documents or Information in the possession, custody, or control of the SEC and its staff, and any federal, state,

or local agencies who may have provided assistance to your Office or concurrently investigated the matters at issue in this case. It also includes any Documents or Information received from FINRA. Our requests are continuing in nature, and we request prompt notice in the event that responsive Documents or Information comes to the government's attention at any point in the future.

"Unidentified Securities" refers to any securities traded by Mr. Constantinescu, not referenced or otherwise identified in the Indictment, with trading activity which the government used to calculate the defendants' alleged profits of approximately $114 million, as referenced in Paragraph 1 of the Indictment.

*Instructions*

Each of the examples enumerated below seeks Documents or Information that may tend to exculpate Mr. Constantinescu, may be favorable or helpful to the defense, may go directly to one or more of Mr. Constantinescu's defenses, and/or may tend to affect the weight and credibility of evidence to be presented by the government at trial, including any material that may tend to impeach the credibility of either documentary evidence or testimony. Documents or Information "tending to exculpate Mr. Constantinescu" means any information that could have any exculpatory effect with respect to any allegations made in the Superseding Indictment dated February 8, 2023, [ECF No. 134] (the "Indictment"), regardless of the government's assessment of the evidentiary weight or credibility of such material.

Each of the examples enumerated below specifically includes all statements made by witnesses to law enforcement officials, whether such statements were memorialized in writing at the time or not. See *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("The obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form."); *see also United States v. Fernandez*, No. 10 CR 863 AKH, 2014 WL 7180225, at *2 (S.D.N.Y. Nov. 25, 2014), aff'd, 648 F. App'x 56 (2d Cir. 2016) (the government's *Brady* "obligation applies to evidence in every form, including unwritten statements by potential witnesses."). Reserving our rights to provide you with additional examples, we seek all *Brady* Material, including the following general and specific categories of information:

**General Requests**

1. Any and all Documents or Information that tends to undermine either (a) the accuracy or reliability of any evidence or (b) the admissibility of the government's evidence.

2. Any and all Documents or Information that is inconsistent or contradictory in any way, manner, or degree with any element of any crime charged in the Indictment or that establishes an affirmative defense (e.g., lack of scienter, good faith, advice of counsel, etc.).

3. Any and all Documents or Information known to the government that might exculpate Mr. Constantinescu of any offense alleged, including, but not limited to, any and all exculpatory statements by Mr. Constantinescu, any of the Co-Defendants, or any other individual the government has collected documents from or about, including, but not limited to, individuals who the government has interviewed. This request includes, but is not limited to, the following:

   a. Any and all Documents or Information suggesting that Mr. Constantinescu did not engage in any of the conduct alleged in the Indictment,

   b. Any and all Documents or Information regarding any witnesses who have contacted (or have been contacted by) the government, law enforcement authorities, or other entities known to the government about Mr. Constantinescu, including, but not limited to, witnesses who the government may claim not to be credible,

   c. Any and all Documents or Information concerning investigative efforts to verify any information provided by any and all witnesses, where such efforts were negative (or inconclusive), and

   d. Any and all Documents or Information concerning discussions with any witness or potential witness that contain or reveal *Brady* Material.

4. Any and all Documents or Information regarding any misconduct or any allegation or suggestion of misconduct of any government agents or attorneys involved in any investigation of Mr. Constantinescu.

5. Any and all Documents or Information indicating that any government witness is biased or prejudiced against Mr. Constantinescu or has a motive to falsify or distort his or her testimony. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). We also request any and all Documents or Information suggesting that any government agent is biased or prejudiced against Mr. Constantinescu or has motive to falsify or distort his or her testimony (regardless of whether that government agent will be called as a witness by the government).

6. Any and all Documents or Information containing all prior contradictory statements of any prospective government witness. *See Giles v. Maryland*, 386 U.S. 66 (1967). This request includes but is not limited to statements made by the prospective witness or his/her counsel during the investigation in this action, the related civil SEC action and investigation, and other investigations by any other entities or agencies of the government.

7. Any and all Documents or Information regarding errors by the government in preserving the chain of custody of evidence in its possession, or other information that calls into

question the authenticity of documents the government relied on in its investigation or will present at trial or the completeness of the government's investigation.

8. Any and all Documents or Information suggesting that the government failed to maintain records of statements or evidence that could otherwise have led to *Brady* Material.

9. Any and all Documents or Information regarding all contradictory statements presented by government witnesses, agents, or attorneys to the grand jury in this matter.

**Specific Requests**

> *i. Brady Material Related to Individuals that Assisted the Government's Investigation*

10. Any and all Documents or Information identifying (by legal name and, if known, social media account name) all informants, cooperators, unnamed co-conspirators, whistleblowers, and any other individual that otherwise spoke with, assisted, or provided information to the government in its investigation, whether before or after formal charges were brought against Mr. Constantinescu.

11. Any and all Documents or Information provided to the government from any individual with respect to the government's investigation of Mr. Constantinescu, whether before or after formal charges were brought, including but not limited to any whistleblower complaints, Tips Complaints, and Referrals ("TCR"), emails, and any other form of communication, including all documents and attachments transmitted to the government from those individuals.

12. Any and all Documents or Information identifying (by legal name and social media account name(s)) the individuals identified in the Indictment as Co-Conspirator-1 ("CC-1") and Co-Conspirator-2 ("CC-2").

13. Any and all agreements between CC-1 or CC-2 and the government, including, but not limited to, any non-prosecution agreements or other cooperation agreements.

14. Any and all Documents or Information identifying (by legal name and social media account name(s)) the individuals identified in the Indictment as "Individual-1" and "Individual-2."

15. Any and all agreements between Individual-1 or Individual-2 and the government, including, but not limited to, any non-prosecution agreements or other cooperation agreements.

5

16. Any and all Documents or Information identifying (by legal name and Twitter account name) the individual referred to as "another Twitter user" in Paragraph 109 of the Indictment.

17. Any and all Documents or Information provided to the government from CC-1, CC-2, Individual-1, Individual-2, and the individual referred to as "another Twitter user" in Paragraph 109 of the Indictment.

18. Any and all notes, memoranda, and FBI 302 Reports, to the extent they exist, arising from any attorney proffers and witness interviews the government conducted with CC-1, CC-2, Indiviual-1, Individual-2, any of the Co-Defendants, and/or any other individual with respect to the allegations in the Indictment and the government's investigation of Mr. Constantinescu.

    *ii.   Brady Material Related to Tripanjeet Ghuman (aka "@Ripster47")*

19. Any and all Documents or Information related to any government investigations of Mr. Ghuman, including any investigations by the United States Department of Justice, any United States Attorney's Office, FBI, SEC, and/or FINRA.

20. Any and all Documents or Information indicating allegations of criminal conduct and/or federal regulatory violations by Mr. Ghuman, including but not limited:

    a. Any sealed indictment filed against Mr. Ghuman,

    b. Any whistleblower complaints or TCRs submitted against Mr. Ghuman, identifying him either by name or social media account name (e.g. "@Ripster47"), and

    c. Any notes, memoranda, and reports from any federal law enforcement agencies, including but not limited to FBI 302 Reports and FINRA Referral Reports, indicating suspicion or concern that Mr. Ghuman engaged in insider trading.

21. Any and all Documents or Information related to employment or corporate officer/director positions held by Mr. Ghuman which could have given him access to Material Non-Public Information ("MNPI") concerning any security.

22. Any and all Documents or Information concerning any agreement between Mr. Ghuman and the government (i.e., any federal law enforcement agency), including but not limited to, any non-prosecution agreements or other cooperation agreements.

    *iii.   Brady Material Related to FBI Special Agent William Applegate*

23. Any and all Documents or Information related to William Applegate's dates of employment and various positions/departments at any federal law enforcement agency, including but not limited to his employment records from the FBI Houston field office.

24. Any and all Documents or Information indicating the timeline of the FBI's investigation into Mr. Constantinescu.

25. Any and all Documents or Information indicating that the government (including the FBI), was aware that Mr. Applegate was Mr. Constantinescu's brother-in-law.

26. Any FBI internal communications, notes, memoranda, and reports concerning Mr. Applegate's relationship with Mr. Constantinescu.

> iv. *Brady Material Related to the Credibility of Co-Defendants and Other Potential Witnesses*

27. Any past or present indictment, SEC enforcement action, or FINRA enforcement action, whether sealed or unsealed, brought against any individual that could be called as a witness in this case.

28. Any and all Documents or Information tending to undermine the credibility or veracity[1] of CC-1, CC-2, Individual-1, Individual-2, any of the Co-Defendants, and/or any other individual that otherwise spoke with, assisted, or provided information to the government in its investigation, whether before or after formal charges were brought against Mr. Constantinescu, including but not limited to:

    a. Inconsistent statements,

    b. Information suggesting that CC-1, CC-2, Individual-1, Individual-2, any of the Co-Defendants, and/or any other individual that otherwise spoke with, assisted, or provided information to the government in its investigation have made a statement favorable to Mr. Constantinescu,

    c. Denials of engaging in a "pump and dump" scheme,

    d. Admissions of engaging in a "pump and dump" scheme,

    e. Prior acts or misconduct, including any involvement in fraud,

---

[1] All impeachment material concerning a cooperating witness is exculpatory in nature—and therefore within *Brady*'s purview—and must be promptly disclosed. *Miller*, 520 F.3d at 514 ("Impeachment evidence falls within *Brady*'s reach"); *Cessa*, 861 F.3d at 128 (the prosecution's obligation to turn over exculpatory evidence "applies to evidence that could be used to impeach prosecution witnesses") (citing *Giglio*, 405 U.S. at 152–54).

FORD O'BRIEN LANDY   |   3700 Ranch Road South, Suite B, Austin, TX 78738   |   P: 212.858.0040   |   fordobrien.com

  f. Information regarding drug or alcohol abuse tending to discredit CC-1, CC-2, Individual-1, Individual-2, any of the Co-Defendants, and/or any other individual that otherwise spoke with, assisted, or provided information to the government in its investigation in their ability to perceive, recollect, and/or narrate events,

  g. False statements to banks, financial institutions, business associates, friends, or family members,

  h. Any prior involvement in lies or deception,

  i. History of emotional or psychological disorders (or evidence of symptoms of emotional or psychological disorders, whether or not diagnosed) or psychiatric or psychological counseling, bearing on CC-1, CC-2, Individual-1, Individual-2, any of the Co-Defendants, and/or any other individual that otherwise spoke with, assisted, or provided information to the government in its investigation in their ability to perceive or relate events accurately and truthfully,

  j. Information suggesting that CC-1, CC-2, Individual-1, Individual-2, and/or any other individual that otherwise spoke with, assisted, or provided information to the government in its investigation had a motive or incentive to accuse Mr. Constantinescu,

  k. Statements of belief that Mr. Constantinescu's At-Issue Posts were predictions, estimations, or opinions,

  l. Statements of belief that Mr. Constantinescu's At-Issue Posts were legal and/or did not constitute criminal activity, and

  m. Statements of belief that Mr. Constantinescu's trading activity was legal and/or did not constitute criminal activity.

    *v. Brady Material Related to Indictment Allegations and Counts Charged*

29. Any and all Documents or Information tending to exculpate Mr. Constantinescu, and/or statements in sum and substance that Mr. Constantinescu did not publish false and misleading information about securities on social media platforms, including but not limited to:

  a. any Documents or Information reflecting that Mr. Constantinescu shared accurate information relating to his position in the Charged Securities, Co-Defendant Securities, and/or any Unidentified Securities,

8

FORD O'BRIEN LANDY | 3700 Ranch Road South, Suite B, Austin, TX 78738 | P: 212.858.0040 | fordobrien.com

    b. any Documents or Information reflecting that Mr. Constantinescu did not represent the precise date and time he intended to dispose of a particular quantity or percentage of his shares in the Charged Securities, Co-Defendant Securities, and/or any Unidentified Securities, and

    c. any and all representations indicating that any At-Issue Posts related to an anticipated price of any Charged Securities, Co-Defendant Securities, and/or any Unidentified Securities, were based on his personal predictions, estimations, beliefs, or opinions.

30. Any and all Documents or Information tending to exculpate Mr. Constantinescu, and/or statements in sum and substance that Mr. Constantinescu did not engage in a conspiracy. This includes any Documents or Information reflecting that Mr. Constantinescu did not coordinate his social media posting activity with any or all of the Co-Defendants.

31. Any and all Documents or Information indicating that Mr. Constantinescu's At-Issue Posts were based upon credible information.

32. Any and all Documents or Information indicating that the content of Mr. Constantinescu's At-Issue Posts were copied, summarized, or otherwise derived from a different source.

33. Any and all Documents or Information reflecting that Mr. Constantinescu's number of Twitter followers varied between January 2020 to April 2022.

34. Any and all Documents representing statements of belief by CC-1, CC-2, and any Co-Defendant that their own trading and/or posting activity was legal and/or did not constitute criminal activity.

35. Any and all Documents or Information indicating in any way, manner, or degree that Mr. Constantinescu lacked intent to mislead his Twitter followers and/or members of Atlas Trading Discord.

36. Any and all Documents or Information relating to Mr. Constantinescu's conversation with Defendant Perry "PJ" Matlock, as referenced on page 9 of the Indictment.

37. Any and all Documents or Information relating to Mr. Constantinescu's conversation with Individual-2, as referenced on page 29 of the Indictment.

38. Any and all Documents or Information relating to Mr. Constantinescu's conversation with "another Twitter user" and/or other unidentified individuals, as referenced on page 33 of the Indictment.

FORD O'BRIEN LANDY   |   3700 Ranch Road South, Suite B, Austin, TX 78738   |   P: 212.858.0040   |   fordobrien.com

39. Any and all Documents or Information reflecting the relevant context, meaning, or interpretation of Mr. Constantinescu's tweets as referenced in the Indictment, including but not limited to the following tweets:

    a. "I never dump on my followers...." [ECF No. 1 at 7],

    b. "OIL going to $100 $CEI going to $10." [ECF No. 1 at 28],

    c. "$CEI 10+" [ECF No. 1 at 29],

    d. "$DATS I want $30+ with all the upcoming catalysts." [ECF No. 1 at 31],

    e. "$DATS We're early and shorts are trying hard. We'll squeeze that seeking alpha hoe. He's short. See you at over $30 b*tches." [ECF No. 1 at 31],

    f. "$DATS $30+ maybe $50 or $100." [ECF No. 1 at 31],

    g. "$DATS has nothing to do with CEI. The scam paid room was grouping them together. We're going to $10 $20 $30 maybe $50. Sick app and only 12 million float with lots of catalysts on the way." [ECF No. 1 at 31–32],

    h. "$DATS See you on Mars" [ECF No. 1 at 32],

    i. "$DATS I'm holding shares LT [long term]. I could careless of [sic] a short report comes out. I'll gobble up the dip and f them." [ECF No. 1 at 32],

    j. "$DATS Let's do a short report at the bottom. Lol idiots squeeze these hoes. $DATS $30++." [ECF No. 1 at 32–33],

    k. "$BBI 1-2 week hold for me. Looking for .50–$1." [ECF No. at 34],

    l. "$BBI .33 is my add zone." [ECF No. at 34],

    m. "$BBI I'm pumping while it's still cheap. Don't tag me when you chased over .50 [cents per share.]" [ECF No. at 34],

    n. "$BBI dips for my crips. We're going over .50 and higher. We got catalysts baby . . . ." [ECF No. at 34],

    o. "$BBI to $1." [ECF No. at 34],

    p. "still fully in $BBI." [ECF No. at 34],

    q. "$BBI It's going past .50 I feel it in my heart." [ECF No. at 34],

    r. "$BBI Bullish!!!!!!" [ECF No. at 35],

    s. "$BBI You're going to feel so stupid when this hits .50+." [ECF No. at 35].

40. Any and all Documents or Information reflecting the relevant context, meaning, or interpretation of any of the Co-Defendants' tweets referenced in the Indictment referring to Mr. Constantinescu or @MrZackMorris, including but not limited to the following tweets:

    a. "when me @MrZackMorris @notoriousalerts @LadeBackk are in something. you strap your f*ckin boner pants on and you say thank you. $CEI." [ECF No. 1 at 27],

    b. "$CEI That's a triple now @LadeBackk @MrZackMorris loving the action. Thanks for mentioning this idea. On the way to the $2 dolla bill next." [ECF No. 1 at 27], and

    c. "Looking directly into @MrZackMorris eyes as he whispers '$CEI is going to 10 to me . . . ." [ECF No. 1 at 27].

41. Any and all Documents or Information reflecting that there was public information relating to the any of the Charged Securities prior to Mr. Constantinescu's tweets referring to the any Charged Security.

42. Any and all Documents or Information reflecting that other individuals with a substantial Twitter following (over 5,000 followers) were posting about any of the Charged Securities during their respective relevant time periods, as alleged in Counts 2, 14, 15, 18, and 20 of the Indictment.

43. Any and all Documents or Information indicating in any way, manner, or degree that CC-1, CC-2, or any of the Co-Defendants discussed, communicated about, or otherwise exchanged information concerning any of the Charged Securities, Co-Defendant Securities, and/or Unidentified Securities with any individual other than Mr. Constantinescu at any time before, during, or after the "pump and dump" scheme alleged in the Indictment.

44. Any and all Documents or Information indicating in any way, manner, or degree that Mr. Constantinescu did not create, disseminate, or otherwise publicly post (as distinguished from private messages) information or representations about any of the Charged Securities, Co-Defendant Securities, or Unidentified Securities on the Atlas Trading Discord page.

11

45. Any and all Documents or Information indicating in any way, manner, or degree that the total value of Mr. Constantinescu and the Co-Defendants' combined alleged profits is not approximately $114 million, as alleged in Paragraph 1 of the Indictment.

46. Any and all Documents or Information within the possession or control of the government regarding Mr. Constantinescu's personal financial information, including but not limited to bank statements, real property records, and tax documents.

47. Any and all Documents or Information concerning market information for the Charged Securities, including but not limited to the outstanding shares, public float, share price, trading volume, and volatility at all times from January 2020 to April 2022.

48. Any and all Documents and Information indicating that Mr. Constantinescu did not publish false and misleading information about securities on social media platforms, did not intentionally mislead any of his Twitter followers, did not participate in a scheme to "pump and dump" any of the Charged Securities or Co-Defendant Securities, did not coordinate his social media posting with any or all of the Co-Defendants, and/or did not conspire, combine, or otherwise enter an agreement with any individual to commit securities fraud. We further request confirmation from you that, to the extent it exists, this substantial exculpatory information was presented to the grand jury in accordance with applicable Departmental policies. See USAM § 9-11.233 (citing *United States v. Williams*, 112 S. Ct. 1735 (1992)).

If (a) the government disagrees with our understanding of *Brady*, *Giglio*, and *Bagley*, (b) the government disagrees with our understanding of its obligations, (c) the government declines or refuses to recognize any of the above-mentioned specific or general categories of materials as *Brady* Material, or (d) the government declines or refuses to obtain and search for such materials in the possession, custody, or control of the prosecution team, including the United States Department of Justice and the United States Attorney's Office for the Southern District of Texas, the FBI, the SEC, or FINRA, or (e) refuses to produce the requested materials, including Documents and Information, please advise us promptly so that we may raise the issue with the Court.

Sincerely,

_____
Matthew A. Ford
Ford O'Brien Landy, LLP
3700 Ranch Road 620 South, Suite A
Austin, Texas 78738
Telephone: (212) 858-0040
mford@fordobrien.com

12

*Attorney for Defendant*
*Edward Constantinescu*