UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

### United States' Response to Defendant's Notice of Supplemental Authority

The Fifth Circuit's decision in *United States v. Greenlaw*, No. 22-10511 (5th Cir. July 31, 2023) "has no directly applicable holdings or findings" to the motions to dismiss, as Defendant admits. (*See* Notice at 1, ECF No. 347.) The opinion did discuss several issues tangentially relevant to this case. But the Fifth Circuit did not "implicitly adopt[] the Third Circuit's *Harra* reasoning," as Defendant claims. (Notice at 2.)

Rather, the Fifth Circuit explained that *Harra* was decided in the context of ambiguous reporting requirements and *expressly stated*: "We see no reason to apply [*Harra*'s] false statement rule here." *Greenlaw*, slip op. at 13; (Notice, Ex. A at 13). In other words, even in a case concerning reporting requirements, the Fifth Circuit declined to adopt *Harra*.

There is no dispute that the requisite "false or fraudulent" representation and fraudulent intent are separate elements of Section 1348, which the opinion affirmed. But the *Greenlaw* opinion did not affirm Defendants' efforts to conflate these elements. Nor did the opinion comment on the legal and logical fact that an insincerely stated opinion may serve both as the basis for an objectively false or fraudulent representation and as evidence of fraudulent intent. (*See, e.g.*, ECF No. 295 at 11–19.) Further, the opinion *affirmed* the district court's use of the Fifth Circuit Pattern

"falsity" jury instruction and *rejection* of defendant's proposed instruction stating "[a] statement of reasonable opinion is not a false statement." *See Greenlaw*, at 32–36.

The *Greenlaw* opinion also reaffirmed that a statement may be "false *or* fraudulent" to satisfy Section 1348. *See Greenlaw*, at 8–9 (quoting *United States v. Scully*, 951 F.3d 656, 671 (5th Cir. 2020)) (emphasis added). Even literally true statements may be fraudulent pretenses, a point the defense continues to ignore and a basis for Section 1348 securities fraud the *Harra* court *accepted*. *See United States v. Harra*, 985 F.3d 196, 218–223 (3rd Cir. 2021) (finding that reporting loans as "contractually past due," even though literally true, relied on fact that defendants had pushed the loans off the books, rather than keep the bank's ordinary practices, in order to "conceal the poor financial health of the Bank from investors"); *see also* (ECF No. 295 at 21).

There were no Due Process notice claims in the *Greenlaw* opinion. Defendant's reference to the facts of the case as support for his notice arguments confuses necessary and sufficient conditions. Insiders required to make SEC filings certainly fall under Section 1348, stating facts sufficient, but not necessary, to incur liability. That liability may also extend to anyone within the ambit of the statute's plain language covering "[w]hoever," including the Defendants. *See* 18 U.S.C. § 1348.

Dated: August 3, 2023                    Respectfully submitted,

                                         GLENN S. LEON
                                         Chief, Fraud Section
                                         Criminal Division, Department of Justice

                        By:    */s/ John J. Liolos*
                               Scott Armstrong, Assistant Chief
                               John J. Liolos, Trial Attorney
                               Fraud Section, Criminal Division
                               United States Department of Justice

                1400 New York Ave. NW
                Washington, DC 20005
                Tel.: (202) 768-2246

                ALAMDAR S. HAMDANI
                United States Attorney
                Southern District of Texas

By:    */s/ Thomas Carter*
                Thomas H. Carter
                Assistant United States Attorney
                State Bar No.: TX24048387
                1000 Louisiana Street, 25th Floor
                Houston, Texas 77002
                Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                */s/ John J. Liolos*
                John J. Liolos, Trial Attorney
                U.S. Department of Justice
                Criminal Division, Fraud Section