Case 4:22-cr-00612   Document 385   Filed on 08/31/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | § § § § § § § § | |
| v. | | CRIMINAL ACTION NO. 4:22-CR-612 |
| EDWARD CONSTANTINESCU, *et al.*, *Defendants.* | | |

## ORDER

Before the Court are the Joint Motion to Dismiss filed by Defendant Edward Constantinescu (Doc. No. 262), the Motions to Dismiss Superseding Indictment filed by Defendant John Rybarczyk (Doc. Nos. 263, 264, 267), the Motion to Dismiss the Superseding Indictment filed by Defendant Mitchell Hennessey (Doc. No. 265), the Motion to Adopt Co-Defendants' Motions to Dismiss filed by Defendant Tom Cooperman (Doc. No. 266), the Motion to Adopt Co-Defendants' Motions to Dismiss filed by Defendant Gary Deel (Doc. No. 268), the Joint Motion to Dismiss Superseding Indictment filed by Defendant Perry "PJ" Matlock (Doc. No. 269), and the Unopposed Motion for Leave to File and Adopt Co-Defendants' Motions to Dismiss filed by Defendant Stefan Hrvatin (Doc. No. 271). The Government has responded in opposition to the various motions to dismiss. (Doc. Nos. 296, 297, 298). Some of the Defendants have filed sur-replies (Doc. Nos. 312, 316, 317, 318).

### I.  Legal Standard

"The purpose of an indictment is 'to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding.'" *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Cluck*, 143 F.3d 174, 178 (5th Cir. 1998)). An indictment is sufficient if it "contains the elements of the offense charged and fairly informs the

defendant of the charge against which he must defend." *Id.* (quoting *United States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)). When reviewing the sufficiency of an indictment to determine whether it states an offense, "the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). A court must deny a motion to dismiss if it relies on disputed facts. *Id.*; *see also United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004).

## II. Substance of the Motions

### A. Are the alleged statements actionable?

The Defendants' main attack on the indictment consists of two somewhat overlapping contentions. First, they contend that their conduct does not violate the two (three if one considers the somewhat derivative money laundering charge in Count 21) substantive fraud statutes under which they have been charged. 18 U.S.C. §§ 1348–1349. Second, they argue that since their statements were either truthful, predictive, and/or voiced as opinions concerning the stocks in question, they cannot have violated either statute. A corollary of this argument is that any number of individuals, companies, and media outlets make stock predictions daily. Some prove accurate, some not, and yet they are not prosecuted because such opinions or predictions are not illegal.

The Government somewhat agrees, or at least appears to somewhat agree, that in and of itself an honest statement is not actionable. That being said, the Government maintains that the statements made by Defendants in connection with this alleged scheme were either dishonest, contained glaring omissions, or were made in an attempt to further the alleged conspiracy. Furthermore, the Government claims that while a prediction made in good faith and with a sound basis is not actionable, one made in bad faith to further a conspiracy is. It makes the same

2

contention with regard to opinions—that is, a sincerely held opinion is not actionable, but one made in bad faith (not honestly held) to further the purposes of a conspiracy is actionable.

The Court agrees with the Government, at least in this motion to dismiss context. The Defendants' believability, credibility, sincerity, and good faith are questions for the finder of fact. They are not questions upon which this Court can rule as a matter of law.

**B.     Is there a duty to disclose?**

The Government also believes it can prove that the statements were dishonest or at best half-truths, made in bad faith and/or in furtherance of their scheme to defraud, because the Defendants were allegedly taking one course of action with regard to a certain stock when, in fact, they were actually taking another. For example, the Government alleges the Defendants publicly represented they were holding a certain stock when in fact they were selling it. The Defendants deny these claims and also claim they are under no duty to disclose when they buy and sell stocks and that there is no basis in law to impose such a duty. They argue this using a variety of different analogies. For example, they contend that the Government's position in effect treats them as corporate insiders or imposes fiduciary duties on them such as those borne by brokers. They maintain that as private citizens they have no such duties/restrictions. Conversely, they claim that by basing liability on their public statements, the Government is, in effect, violating their First Amendment rights by attempting to restrict a message because of its content.

The Court does not find that any of these labels or concepts apply in this instance, assuming the Government can prove what it has alleged. The Government has not imposed any new status or standard. Once the Defendants opted to publicly speak, they had a duty to be honest and not to defraud. This is not the Government or the Court imposing an unknown duty on the Defendants after the fact. The duty not to defraud is imposed by 18 U.S.C. §§ 1348–1349

3

and the duty to be honest was self-imposed on the Defendants by the Defendants when they chose to engage in discourse pertaining to various stock transactions.

Similarly, the First Amendment does not provide them any relief. The First Amendment has never been a shield to fraud. If the Government's allegations are taken to be true—as this Court must at this stage—the Defendants' statements were made to implement a scheme whereby they would manipulate a stock price to their benefit and/or to the detriment of the investing public. This conduct, if indeed proven by the Government, is not part and parcel of protected speech.

### C. Have the Defendants been given fair notice?

The Defendants have contended that the law does not give them fair warning that their conduct was illegal and, as such, the laws as being applied are unconstitutional. They argue the law has never been applied in a manner in which the Government is attempting to do here. Finally, they argue that their conduct, even as alleged, does not violate other security laws. The conclusion they attempt to draw from this fact seems to be if they or their conduct are not subject to indictment under certain security laws, they cannot be liable under 18 U.S.C. §§ 1348–1349.

The Court will address this last argument first as it is the least meritorious. The fact that certain activities do not violate one set of laws has never been a defense that the alleged actions do not violate a different set of statutes. That would be the equivalent of a driver saying that he or she could not be prosecuted for driving the wrong way on a one-way street because he or she was complying with the speed limit.

Arguably, the more interesting legal argument is that the Defendants did not have fair warning that their conduct violated any statute including the two in question here. The Court, however, does not find this argument to be meritorious. The statutes in question, 18 U.S.C. § 1348 and § 1349, are not ambiguous or vague. In fact, compared to most statutes, they are

4

relatively straightforward. Section 1348 first clearly criminalizes any conduct of an individual who knowingly executes or attempts to execute a scheme to defraud by false or fraudulent pretenses in connection with any security. Next, it criminalizes any conduct by an individual who knowingly executes or attempts to execute a scheme to obtain by means of false or fraudulent pretenses, representations, or promises any money in connection with the purchase or sale of a security.

Courts have uniformly denied vagueness challenges to § 1348. *United States v. Motz*, 652 F.Supp.2d 284, 295 (E.D.N.Y. 2009); *United States v. Smith*, 555 F.Supp.3d 563, 577–79 (N.D. Ill. 2021); *United States v. Coscia*, 100 F.Supp.3d 653, 659–661 (N.D. Ill. 2015); *United States v. Bases*, 2020 WL 2557342 (N.D. Ill. May 20, 2020). This Court need not plow the same ground as these courts. Suffice it to say, this is a straightforward fraud statute with a straightforward *mens rea* and well-established elements. Section 1349 merely criminalizes an attempt to or a conspiracy to violate § 1348.

Finally, the superseding indictment sets out a classic "pump and dump" scheme. These kinds of schemes have been found to be illegal for some time. *See e.g.*, *United States v. Wenger*, 427 F.3d 840, 854 (10th Cir. 2005); *Zweig v. Hearst Corp.*, 594 F.2d 1261, 1265–66 (9th Cir. 1979); *S.E.C. v. Huttoe*, 1998 WL 34078092 (D.D.C. Sept. 14, 1998).

Thus, the Court finds no ambiguity or vagueness in § 1348 on its face, nor does it find it could be subject to an "as applied" attack. Again, this attack somewhat dovetails into Defendants' First Amendment argument. Their argument is that Defendants have the right to "tout" stocks and if this fraud statute is applied as suggested by the Court, that application would render the statute unconstitutional. This argument ignores the basic theme of the superseding indictment (and, more importantly, of § 1348): that the Defendants' public statements were not true or were half-truths, or, stated conversely, they were part and parcel of a scheme to defraud.

5

The Defendants argue that the indictment is actually attempting to criminalize the alleged failure to inform their Twitter audience of exactly when they would sell. (Doc. No. 264 at 65). That argument is based on only one-half of the alleged story. What is alleged as fraud is that at the same time they were touting a particular stock, encouraging others to buy the stock, and either stating or implying they were holding the stock in anticipation of gains, they were in fact selling or planning to sell the stock in contravention of their public communications. It is not the art of buying or selling the security that is the basis of the fraud allegation, it is lying about that intention or telling half-truths that is the basis of the fraud.

The statutes in question here do not violate the Constitution either facially or as applied.

### III. Conclusion

This Court finds the allegations in the superseding indictment are factually sufficient and, if true, legally sound. Therefore, the Court grants the Defendants' Motions to Adopt the Motions to Dismiss (Doc. Nos. 266, 268, 271), but denies the Motions to Dismiss (Doc. Nos. 262, 263, 264, 265, 267, 269).

SIGNED at Houston, Texas this 31st day of August, 2023.

Andrew S. Hanen
United States District Judge