**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU,** *et al.* | § | **The Honorable Andrew S. Hanen** |
| | § | |
| **Defendants.** | § | |

**United States' Reply**
**to Defendant Constantinescu's Response to the September 12, 2023 Notice**

The United States, by and through its undersigned counsel, replies to Defendant's Response

to its September 12, 2023 Notice.  *See* ECF No. 446 (Notice); ECF No. 448 (Response).  Many of

Defendant's requests and claims in the Response are without merit and contradicted by the plain

record in this case.  The balance of his claims is otherwise resolved by this Reply.  The Court

should therefore reject the relief sought in the Response.

First, Defendant fails to recognize that the United States followed the Court's instructions.

Nothing about the Court's Order required the United States to request of either the SEC or FINRA

all files related to the 397 episodes.  The Order was instead limited to the episodes that form the

basis of the charges that the United States will seek to introduce at trial.[1] Order, ECF No. 414.  As

---

[1] The Court provided further color on the scope of this Order during several exchanges at the September 7, 2023 hearing:

> Mr. Armstrong:   . . . [T]o be on the same page, what are you ordering us to go try to find out?
>
> The Court:   Well, if it . . . has to do with any of the stocks in the indictment or it has to do with any of these extraneous stocks that you think you're going to offer into evidence.
>
> . . .

the United States explained to Defendants, its trial proof is now focused on 54 episodes. *See* ECF

No. 424 (Sept. 15, 2023) (noticing how the United States trimmed its trial episodes and providing

in Exhibit 1 the list of 54 "trial episodes" to Defendants). The United States' requests as to the

trial episodes are therefore in accord with the Order and the Court's guidance.

Second, Defendant seems either unwilling or unable to comprehend the United States'

position about the legal theory in this case. Resp. at 2. The United States laid it out succinctly in

its prior filing:

> Finally, there is no shift in the United States' theory or anticipated
> proof. Defendants sought to capture gains for themselves by
> pumping the price of stocks through their social-media platforms
> and then dumping their shares in secret. Nothing has changed. The
> fraud was directed at, and executed at the expense of, Defendants'
> social-media followers. That other third parties may have purchased
> a stock for a reason wholly unrelated to the charged scheme and
> without any connection to Defendants' conduct has no relevance to
> the issues in dispute and, thus, no basis for admission at this trial.

ECF No. 433 at 4-5. That Defendants and the United States have a disagreement about the scope

of relevant evidence at trial in no way indicates an abandonment of anything. *Cf.* Resp. at 2.

Third, Defendant raised cogent issues about whether the United States will pursue the full

397 episodes at sentencing and whether the United States will seek to support Count 21 with the

narrowed 54 trial episodes. As to the sentencing issue, any sentencing recommendation will be

---

| Mr. Armstrong: | . . . So if Your Honor is inclined to limit our proof at trial to a more discrete set of episodes, I think that would go a long way in, fingers crossed, helping speed along our request to . . . either of these agencies. |
| The Court: | I'm not sure that I'm in a position to do that. You're actually in the better position. If you want to – if you want to limit it to the 45 that you've already figured out that these are the most relevant . . . . |

Sept. 7, 2023 Hr'g Tr. at 58:3–8, 85:10–19.

based on the 54 trial episodes.  Indeed, the difference between the gain from the 54 trial episodes and the 397 episodes is only two points under the Guidelines.  *Compare* U.S.S.G. § 2B1.1(b)(1)(L) (providing a 22-level enhancement for loss over $25 million) *with* U.S.S.G. § 2B1.1(b)(1)(M) (providing a 24-level enhancement for loss over $65 million).  By narrowing the trial episodes from 397 to 54, the United States is therefore seeking to align itself with the Court's practical concerns about the length of trial, while still seeking to hold Defendants to account at sentencing for a reasonable scope of their conduct.  As to the trial proof for Count 21, the United States has also resolved that issue with its recent Notice.  *See* ECF No. 449.

Anything beyond what the United States has already requested of FINRA and the SEC represents a legally deficient fishing expedition.  *See United States v. Scott*, 555 F.2d 522, 528 (5th Cir. 1977) ("Brady does not permit a defense fishing expedition whenever it is conceivable that evidence beneficial to defendants may be discovered"); *see also United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) ("*Brady* requests cannot be used as discovery devices").  The Court should reject further inquires of FINRA and the SEC as such.


Dated: October 18, 2023                                          Respectfully submitted,


GLENN S. LEON                                          ALAMDAR S. HAMDANI
Chief, Fraud Section                                       United States Attorney
Criminal Division, Department of Justice       Southern District of Texas


By:    */s/ Scott Armstrong*                            By:    */s/ Thomas Carter*
Scott Armstrong, Assistant Chief                  Assistant United States Attorney
John J. Liolos, Trial Attorney                       State Bar No.: TX24048387
Fraud Section, DOJ Criminal Division          1000 Louisiana Street, 25th Floor
1400 New York Ave. NW                             Houston, Texas 77002
Washington, DC 20005                                 Tel.: (713) 567-9470
Tel.: (202) 353-0801

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2023, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

<u>*/s/ Scott Armstrong*</u>
Scott Armstrong
U.S. Department of Justice
Criminal Division, Fraud Section