IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § § | No. 4:22-CR-00612-S |
| | § § § § | |
| EDWARD CONSTANTINESCU, *et al.* | § § | |

**DEFENDANT CONSTANTINESCU'S NOTICE OF APPLICABLE LAW RELEVANT TO THE COURT'S SEPTEMBER 12, 2023 *BRADY* ORDER [ECF 414] AND SUBSEQUENT FILINGS RELATED TO THE GOVERNMENT'S NON-COMPLIANCE [ECF 446, 448, 450]**

In the government's latest filings related to its non-compliance with the Court's September 12, 2023 *Brady* Order, it attempts to unilaterally limit its *Brady* obligations by making several concessions: it has withdrawn its money laundering charge against Constantinescu (Count 21), removed *lis pendens* from his property, and diminished the value of its conspiracy claim against the defendants by approximately $90 million by reducing the number of at-issue trades it seeks to introduce at trial and sentencing from 397 to 54.

In making these concessions, the government's discussion of "loss calculation" under § 2B1.1(b)(1)(L)–(M) of the Sentencing Guidelines omits applicable law, which Constantinescu provides notice of herein. [ECF 450 at 2–3]. While not discussed in the government's submissions, subsection (3) of the Application Notes of § 2B1.1 of the Sentencing Guidelines provide for "Special Rules" related to "Loss Under Subsection (b)(1)" when calculating "loss" "in a case involving the fraudulent inflation or deflation in the value of a publicly traded security or commodity." Specifically, the Sentencing Guidelines provide:

1

> *In determining whether the amount so determined is a reasonable estimate of the actual loss attributable to the charge in the value of the security or commodity, the court may consider, among other factors, the extent to which the amount so determined includes significant changes in value not resulting from the offense (e.g., changes caused by external market forces, such as changed economic circumstances, changed investor expectations, and new industry-specific or firm specific facts, conditions, or events).*

(emphasis original). As set forth by Constantinescu previously [ECF 448], none of the government's concessions impact its obligation to produce exculpatory SEC records, documents, and communications related the SEC's 2021 Meme Stock investigation, testimony, and reports pursuant to the September 12 Order. These materials represent exculpatory analysis related to market conditions and factors during Constantinescu's trading and social media posting about at-issue trades that bear directly on guilt as well as punishment.

Dated: October 20, 2023

Respectfully submitted,

_____
Matthew A. Ford
Texas Bar No. 24119390
Ford O'Brien Landy LLP
3700 Ranch Road 620 South, Suite B
Austin, Texas 78738
Tel.: (212) 858-0040
mford@fordobrien.com

Jamie Hoxie Solano
(admitted *pro hac vice*)
Stephen R. Halpin III
(S.D. Tex. Bar No.: NY5944749)
Ford O'Brien Landy LLP
275 Madison Ave, 24th Fl
New York, New York 10016
Tel.: (212) 858-0040
jsolano@fordobrien.com
shalpin@fordorbien.com

*Attorneys for Defendant Edward Constantinescu*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, a true and correct copy of the foregoing document has been forward via electronic mail to the government.

                                                                 */s/ Matthew A. Ford*
                                                                 Matthew A. Ford