IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | Case No. 22-cr-00612 |
| | § § | |
| MITCHELL HENNESSEY, | § § | |
| *Defendant*. | § § | |

## MITCHELL HENNESSEY'S REPLY TO
## GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS

Mr. Hennessey files this reply to address a repeated falsehood in the government's response (ECF 456) to Mr. Constantinescu's motion to suppress (ECF 451). The government asserts: "In May 2023, however, counsel for Defendant Hennessey repeatedly requested that the United States produce all social media messages of Defendant Hennessey, beyond what had been seized as part of the Case File Return and already produced." ECF 456 at 5. This is false.

Counsel for Mr. Hennessey never requested any materials beyond what the government seized. Instead, counsel for Mr. Hennessey repeatedly requested that the government confirm that it had produced "all Rule 16 material for Mr. Hennessey," including "[t]he substance of any oral statements made by Mr. Hennessey" and "[c]opies of any written or recorded statements made by Mr. Hennessey." *See* Ex. 1. While counsel for Mr. Hennessey repeatedly requested confirmation that the government had met its obligations to produce all Rule 16 materials, the government repeatedly ignored or avoided directly answering the question. *See id.*

After four months of repeated requests, on April 4, 2023, Mr. Hennessey requested that the government "please confirm *whether or not* you have produced all of Mr. Hennessey's social media messages in your possession" and also requested that the government identify the unnamed

individuals referenced in the superseding indictment, information the government continued to withhold. *See id.* (emphasis added). The government responded on April 6, 2023, agreeing to provide the requested information about the unnamed individuals and stating, "I believe we have produced all of Mr. Hennessey's messages that were seized." *See id.* On April 7, 2023, counsel for Mr. Hennessey responded, "Thank you for agreeing to provide the requested information[,]" and requested clarification regarding the time zones in which certain data was produced. *See id.*

Nearly a month later, on May 4, 2023, counsel for Mr. Hennessey followed up on several outstanding discovery requests and specifically requested confirmation that the government had produced all Rule 16 materials. *Id.* (highlight added).

---

**From:** Cordova, Laura
**Sent:** Thursday, May 4, 2023 10:31 AM
**To:** Armstrong, Scott (CRM); Garner, Mallory (CRM); Liolos, John (CRM); Carter III, Thomas (USATXS)
**Cc:** Murtha, Michael
**Subject:** RE: Discovery: 22-CR-612

Counsel,

We are following up on our requests for information necessary for our review of the discovery and preparation for trial. Each of these requests has been outstanding for nearly a month and some much longer. Please provide the following:

1. The account names and the actual names for each individual referenced in the superseding indictment but not named.
2. Please provide the time zones for all Twitter posts, Twitter DMs, Discord posts, Discord DMs, text messages, and any other social media or other messages produced. It appears that these have been produced in various time zones, and many of the materials produced do not identify the time zone in which the messages are provided.
3. Also, in your March 22, 2023 letter you state that some trading blotters are produced in "Eastern Standard Time" and others in "Eastern Time." Are these the same or do you intend to indicate that there is a difference between the time zones in which these records are provided?
4. ==Please confirm that you have produced all Rule 16 material for Mr. Hennessey. Your message below refers only to "Mr. Hennessey's messages that were seized." As you know, Rule 16 encompasses more than seized messages, so please confirm that all Rule 16 materials for Mr. Hennessey have been produced.==

If the government intends to provide this information, please let us know when. If the government does not intend to provide this information, please let us know the basis for withholding it.

Best regards,
Laura

---

**MITCHELL HENNESSEY'S REPLY TO**
**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS– PAGE 2**

The following day, April 5, 2023, the government sent a series of disjointed emails, but still avoided providing the requested information or directly answering whether it had complied with its obligations under Rule 16. *See* Ex. 2. Rather, the government stated that it intended to produce materials outside the scope of the warrants—materials the government acknowledged the prosecution team had no right to possess and that did not constitute Rule 16 materials. *See id.* Mr. Hennessey never requested those materials and did not agree to their production.

---

**From:** Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
**Sent:** Friday, May 5, 2023 3:11 PM
**To:** Cordova, Laura; Garner, Mallory (CRM); Liolos, John (CRM); Carter III, Thomas (USATXS)
**Cc:** Murtha, Michael
**Subject:** RE: Discovery: 22-CR-612

**\*\*RECEIVED FROM EXTERNAL SENDER – USE CAUTION\*\***

One clarification, Ricky Bobby 🏁 🏎 #7407 is Francis Sabo.

**From:** Armstrong, Scott (CRM)
**Sent:** Friday, May 5, 2023 4:08 PM
**To:** Cordova, Laura <lcordova@jw.com>; Garner, Mallory (CRM) [redacted] Liolos, John (CRM) <John.Liolos@usdoj.gov>; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>
**Cc:** Murtha, Michael <mmurtha@jw.com>
**Subject:** RE: Discovery: 22-CR-612

As to your other question about Eastern Standard Time, that's just the same eastern time as the other references.

**From:** Armstrong, Scott (CRM)
**Sent:** Friday, May 5, 2023 4:04 PM
**To:** Cordova, Laura <lcordova@jw.com>; Garner, Mallory (CRM) [redacted] Liolos, John (CRM) <John.Liolos@usdoj.gov>; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>
**Cc:** Murtha, Michael <mmurtha@jw.com>
**Subject:** RE: Discovery: 22-CR-612

Counsel,

At to 1, we provided the information that we have right now at April 14, 2023.

As to 2, it's difficult to respond to this request in the abstract. Which spreadsheets do you have questions about? As to the search warrant materials from Twitter and Discord, we also produced the original files so you can look at the original files, which are in UTC, and see if those match the processed materials. If they do not, they are likely in eastern time.

As to 3, we can produce to you the materials beyond what we seized as part of the warrant, to include all DMs and messages on the various trading floors/rooms. This material is outside the scope of our warrant, and we are without legal basis to include it our case file. It is not Rule 16 discovery as it is not relevant, among other reasons. Nonetheless, we will produce this material to you to put this issue to bed. We will check how long it will take to produce this material.

Scott

---

**MITCHELL HENNESSEY'S REPLY TO**
**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS– PAGE 3**

As counsel for Mr. Hennessey pointed out in numerous emails requesting discovery, Rule 16 includes more than social media messages. Rule 16 includes a defendant's recorded statements, and counsel for Mr. Hennessey had reason to believe that the government had not produced all recorded statements in its possession. First, when Mr. Hennessey was arrested, FBI agents spoke to and questioned him throughout the entire day, but the government only produced about two hours of recording of Mr. Hennessey that day, much of which was just a recording of him sitting silently alone in a room. Second, the superseding indictment repeatedly references Mr. Hennessey's podcast, for which Mr. Hennessey recorded hundreds of hours of video and audio, but the government had only produced isolated excerpts and segments of the podcast.

As the emails demonstrate, Mr. Hennessey's counsel *never* requested materials outside the scope of the warrants. Nonetheless, counsel for the government chose to ignore the Fourth Amendment and produce to all defendants material the government knew was outside the scope of the warrants and that it did not have legal authority to produce.

Immediately after the government made this illegal production, counsel for Mr. Hennessey emailed the government stating unequivocally that Mr. Hennessey never requested materials outside the scope of the warrant. *See* Ex. 3. The government never responded.

> **From:** Cordova, Laura
> **Sent:** Friday, May 19, 2023 1:51 PM
> **To:** Kim, Elise (CRM); Armstrong, Scott (CRM); mford@fordobrien.com; Reyes, Luis; Peele, Christopher; jsutton@ashcroftlawfirm.com; philip@hilderlaw.com; tate@hilderlaw.com; Stephanie McGuire; houstonstrialattorney@gmail.com; edward@msblawyers.com; Murtha, Michael; cca@akersfirm.com; neal@nealdavislaw.com; zach@fertittalaw.net; chip@chiplewislaw.com; michelle@chiplewislaw.com; Lauren@chiplewislaw.com; erosen@fnf.law; bill@stradleylaw.com; Erin Epley; Zachary Fertitta
> **Cc:** Liolos, John (CRM); Garner, Mallory (CRM)
> **Subject:** RE: Production 2: United States v. Constantinescu et al, No. 4:22-CR-00612
>
> Counsel,
>
> I write to correct a misstatement in your letter of today. You state that "[o]n May 4, 2023, counsel for Defendant Hennessey requested social-media messages for Defendant Hennessey beyond what [the government] seized as part of [the government's] search warrant . . . ." We did not make that request. We did request multiple times, including on May 4, 2023, confirmation that the government has produced all Rule 16 material for Mr. Hennessey. To be clear, below is the request we made on May 4, 2023:
>
>> "Please confirm that you have produced all Rule 16 material for Mr. Hennessey. Your message below refers only to 'Mr. Hennessey's messages that were seized.' As you know, Rule 16 encompasses more than seized messages, so please confirm that all Rule 16 materials for Mr. Hennessey have been produced."
>
> (The "message below" referenced in our May 4th request was the government's April 6, 2023 email, which stated: "I believe we have produced all of Mr. Hennessey's messages that were seized. We, of course, consistently re-review and double check our efforts to make sure we comply with our discovery obligations. If we notice anything that should have been produced but was not, we will produce it and let you know.")
>
> We reiterate our request for confirmation that all Rule 16 material has been produced, as of course, Rule 16 encompasses more than a defendant's social media messages.
>
> Perhaps it makes sense to set up a call to discuss to avoid any further confusion. Please let us know your availability.
>
> Best regards,
> Laura

Now, in an attempt to excuse its own illegal activity, the government goes so far as to assert that other defendants "should lodge their complaints with Defendant Hennessey and his *request for those materials*, not with the United States." ECF 456 at 7 (emphasis in original). But the government knows that Mr. Hennessey never requested any materials outside the scope of the warrants. Mr. Hennessey requested only that the government produce Rule 16 materials, yet the government itself concedes that the materials it produced are not Rule 16 materials. *See* Ex. 2 ("It is not Rule 16 discovery….").

**MITCHELL HENNESSEY'S REPLY TO**
**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS– PAGE 5**

The government's assertion that Mr. Hennessey's counsel requested materials beyond the scope of the warrants is simply not true. It is a misrepresentation to the Court.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031
lcordova@jw.com
Michael J. Murtha
State Bar No. 24116801
mmurtha@jw.com

1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
(713) 752-4221 (Facsimile)

**ATTORNEYS FOR DEFENDANT MITCHELL HENNESSEY**

**CERTIFICATE OF SERVICE**

 I hereby certify that on November 8, 2023, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

            */s/ Laura M. Kidd Cordova*
            Laura M. Kidd Cordova