# Exhibit 1

| | |
|---|---|
| **From:** | Liolos, John (CRM) |
| **To:** | Jamie Hoxie Solano |
| **Cc:** | mford@fordobrien.com; Carter III, Thomas (USATXS); Armstrong, Scott (CRM) |
| **Subject:** | RE: [EXTERNAL] Re: Subpoenas |
| **Date:** | Thursday, December 7, 2023 8:46:00 AM |

Based on your brief and responses the only four possibilities are listed below. Please indicate which is true and abide by your accompanying obligation(s).

1. You've received only irrelevant material you (wrongly) do not believe is subject to mutual inspection under Rule 17;
2. You've received only impeachment material you (wrongly) do not believe is subject to mutual inspection under Rule 17;
3. You're refusing to produce material you recognize as subject to your discovery obligations; or
4. You've received nothing.

Your manner of handling this simple question and unwillingness to clearly state your position demonstrate why further discussions are not fruitful uses of anyone's time.

---

**From:** Jamie Hoxie Solano <jsolano@fordobrien.com>
**Sent:** Thursday, December 7, 2023 8:28 AM
**To:** Liolos, John (CRM) <John.Liolos@usdoj.gov>
**Cc:** mford@fordobrien.com; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>; Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Subpoenas

John- I'm not doing this back and forth with you over email.  You are, again, incorrect, and if you are suggesting that I've misrepresented something to the court, you have no good-faith basis to make that suggestion.  We are in compliance with our discovery obligations.  I'm frankly surprised that you are so eager to get these materials in light of the fact that you could have collected them during the course of your investigation but chose not to.  Let me know a time when you and Scott would like to get on a call next week to discuss further.

Thanks,

Jamie

Sent from my iPhone

> On Dec 7, 2023, at 8:09 AM, Liolos, John (CRM) <John.Liolos@usdoj.gov> wrote:
>
>  So, then you must presently have materials you recognize as subject to your discovery obligations given your representations to the Court. Please produce them.
>
> **John J. Liolos**

Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

> On Dec 7, 2023, at 8:01 AM, Jamie Hoxie Solano <jsolano@fordobrien.com> wrote:
>
> You are wrong.
>
> Sent from my iPhone
>
>> On Dec 6, 2023, at 5:14 PM, Liolos, John (CRM) <John.Liolos@usdoj.gov> wrote:
>>
>> I understand your response to mean that everything you've so far received under the at-issue subpoenas you intend only to use for impeachment. Please correct me if that's wrong.
>>
>> Of course, the reciprocal discovery obligation requiring production by September 29, 2023 extends to materials covered by the obligation but received after that date. I understand your response to mean you have nothing that falls under that obligation. Please correct me if that's wrong.
>>
>> ---
>>
>> **From:** Jamie Hoxie Solano <jsolano@fordobrien.com>
>> **Sent:** Wednesday, December 6, 2023 5:04 PM
>> **To:** Liolos, John (CRM) <John.Liolos@usdoj.gov>
>> **Cc:** mford@fordobrien.com; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>; Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
>> **Subject:** Re: [EXTERNAL] Re: Subpoenas
>>
>> Reciprocal discovery only requires us to produce materials that we intend to use affirmatively at trial not for impeachment, and the Court has set a deadline for those disclosures. I'll take a look at your Rule 17 case when I'm back in the country. If you have something from the 5th Circuit that deals with trial subpoenas that were not issued by the Court, please send that along.
>>
>> Thanks,

Jamie

Sent from my iPhone

> On Dec 7, 2023, at 1:54 AM, Liolos, John (CRM) <John.Liolos@usdoj.gov> wrote:
>
> Reciprocal discovery under Rule 16, as Judge Hanen ordered (ECF No. 414); Rule 17 itself, and related cases. *See, e.g.*, *United States v. Litos*, 12-cr-175, 2014 WL 806022, at *5 (N.D. Ind. Feb. 24, 2014) ("The plain language of Rule 17(c) negates any assumption that production should be on an ex parte basis." (cleaned up) (collecting cases)). There's more there if you need to research the issue.
>
> If you are refusing to provide the documents and information please make that clear so we can address it with the Court as well.
>
> **From:** Jamie Hoxie Solano <jsolano@fordobrien.com>
> **Sent:** Wednesday, December 6, 2023 4:33 PM
> **To:** Liolos, John (CRM) <John.Liolos@usdoj.gov>
> **Cc:** mford@fordobrien.com; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>; Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Re: Subpoenas
>
> Hi John,
>
> Can you send us the legal authority for the basis of your requests?
>
> Thanks,
>
> Jamie
>
> Sent from my iPhone

On Dec 6, 2023, at 11:25 PM, Liolos, John (CRM) <John.Liolos@usdoj.gov> wrote:

Following up here. Please let us know when we can expect to receive the documents. Also, please identify the individual anonymized as "Witness-1" in your filing (ECF No. 469).

**From:** Liolos, John (CRM)
**Sent:** Tuesday, December 5, 2023 11:40 AM
**To:** Jamie Hoxie Solano <jsolano@fordobrien.com>
**Cc:** mford@fordobrien.com; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>; Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
**Subject:** RE: [EXTERNAL] Re: Subpoenas

Counsel,

Your recent filing (ECF No. 469) references multiple times documents you claim to have already received, but to my knowledge have not produced to us as you're obliged to do. Please let us know when we can expect to receive the referenced documents.

Sincerely,
John

**John J. Liolos**
Trial Attorney

Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005
202-768-2246

---

**From:** Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
**Sent:** Thursday, November 2, 2023 1:52 PM
**To:** Jamie Hoxie Solano <jsolano@fordobrien.com>
**Cc:** mford@fordobrien.com; Liolos, John (CRM) <John.Liolos@usdoj.gov>; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>
**Subject:** RE: [EXTERNAL] Re: Subpoenas

Counsel,

Thank you for your email. We understand our discovery obligations and will comply with those obligations.

You requested the name of supervisor. Those details are: Anna Kaminska, anna.kaminska@usdoj.gov.

On the subpoena issue, further discussion will not be fruitful given your unwillingness to withdraw the impermissible subpoenas. We will be moving to quash them, as we indicated to you.

We also requested from FINRA unredacted copies of their documents with the names of FINRA employees, as you

requested. We will send you those unredacted copies when we receive them from FINRA. You also asked whether the *Brady* request was communicated to FINRA. It was.

Best regards,

Scott

---

**From:** Jamie Hoxie Solano <jsolano@fordobrien.com>
**Sent:** Thursday, November 2, 2023 11:51 AM
**To:** Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
**Cc:** mford@fordobrien.com; Liolos, John (CRM) <John.Liolos@usdoj.gov>; Carter III, Thomas (USATXS) <TCarter2@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Re: Subpoenas

Scott, John, and Hayward,

I'm following up on the below and on the letter we sent you on October 20th about your discovery obligations. Please let me know a time that works for you to get on a call to discuss the outstanding issues. You told us you were going to respond to our requests from the letter, which you have not done, and you are refusing to see if we can come to an agreement on narrowing the terms of ███████ subpoena.

Thanks,

Jamie

On Fri, Oct 27, 2023 at 2:23 PM Jamie Hoxie Solano <jsolano@fordobrien.com> wrote:

> Can you send us the subpoena? I'm happy to reach out to him and discuss the scope if you have his contact information.
>
> Thanks,
>
> Jamie
>
> On Fri, Oct 27, 2023 at 2:18 PM Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov> wrote:
>
>> An example is what your firm sent to ▮ ▮. The authority is *United States v. Nixon*, 418 U.S. 683 (1974). Please let us know if you will withdraw these subpoenas, and others to victim-witnesses. If not, a call to discuss will not be fruitful.
>>
>> Best,
>>
>> Scott
>>
>> ---
>>
>> **From:** Jamie Hoxie Solano <jsolano@fordobrien.com>
>> **Sent:** Friday, October 27, 2023 2:05 PM
>> **To:** Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov>
>> **Cc:** mford@fordobrien.com; Liolos, John (CRM)

<John.Liolos@usdoj.gov>;
Carter III, Thomas (USATXS)
<TCarter2@usa.doj.gov>
**Subject:** [EXTERNAL] Re: Subpoenas

Hi Scott,

Can you please attach the subpoena you are talking about so we are sure we are talking about the same thing? As you know, we have no obligation to give you notice of our trial subpoenas.

I know previously when I've told you why I'm unavailable for a call you've filed my explanation in public court filings, so in case you plan to do that again: I've been invited to a federal judge's investiture ceremony today so I'm unavailable. Let me know a time that works for you for a call next week. I'm happy to discuss your concerns to see if we can come to an agreement without further burdening the Court with another discovery dispute. In the meantime, if you have any legal authority to support your concerns, please send that over before our call.

Also, maybe on our call we can also talk about our letter from last week regarding your failure to comply with Brady that you've refused to substantively respond to.

We would appreciate it if you could prioritize that.

Have a good weekend,

Jamie

> On Oct 27, 2023, at 12:56 PM, Armstrong, Scott (CRM) <Scott.Armstrong@usdoj.gov> wrote:
>
> Counsel,
>
> It has come to our attention that you have issued overly broad and deficient Rule 17(c) subpoenas to at least several victim-witnesses listed on our witness list. Please let us know if you will withdraw these subpoenas. If not, we will move to quash.
>
> Thank you,
>
> Scott

Scott Armstrong
U.S. Department of Justice
Fraud Section
202-355-5704