UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:22-cr-612 |
| CONSTANTINESCU, *et al.* | § § | The Honorable Andrew S. Hanen |
| Defendants. | § § | |

**United States' Response in Opposition to Defendants' Motion *in Limine* ECF No. 549**

Defendants proceed as if they have an unfettered right to introduce their own hearsay statements. Defendants identify no law or Rule of Evidence supporting such assertion. Perhaps that is because the black-letter law is precisely the opposite. *See, e.g.*, Fed. R. Evid. 802 ("Hearsay is not admissible . . . ."); *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statements for the truth of the matter asserted, it is hearsay, and it is not admissible."); (ECF No. 538, US MILs section II.6).

Defendants object to GX 70, which contains excerpts of a private Twitter conversation between Defendant Matlock and another individual.[1] The United States, the proponent of the exhibit, seeks to introduce three lines of the conversation: two of Defendant Matlock's statements and one contextual statement of the other individual. (*See* Mot. at 2.) The entirety of the conversation the United States seeks to introduce is as follows:

> @PJ_Matlock:    a pump and dump is when a bunch of people load a stock .. push it up and then sell their shares
>
> [redacted text]

---

[1] The United States tried to maintain that individual's confidentiality by leaving only the Twitter ID number as the person's identifier in GX 70, but Defendants have put the individual's name in their motion as well as a footnote including bibliographic information about the uninvolved individual. (*See* ECF No. 549 at 1.) The United States continues to attempt to maintain confidentiality.

>  [other individual]:   P&D is securities fraud
>
>  @PJ_Matlock:   correct

(*See id.*)

Defendant Matlock's statements are admissible as statements of a party opponent under Rule 801(d)(2)(A). The intervening statement of the other individual is admissible as context for Defendant Matlock's response. *See, e.g.*, *United States v. Robinson*, 87 F.4th 658, 673 (5th Cir. 2023) ("[W]hen a defendant's recorded statements are admissible as a party-opponent admission under Rule 801(d)(2)(A), an interlocutor's statements, even if considered hearsay, are admissible to put the defendant's statements in context." (quotations omitted)).

The probative value of the exchange is obvious. The exhibit demonstrates Defendant Matlock is aware of what a pump and dump is and that it constitutes securities fraud. It is probative of his fraudulent intent in seeking to execute pump and dumps as part of Defendants' fraudulent scheme. Even more, the United States anticipates that Defendants, as they have in pre-trial litigation, will contest that Defendants did not intend to "pump-and-dump" and that what they were doing was not in fact a crime. Defendant Matlock's own words put both arguments to rest: he describes exactly what Defendants did and that he knows it is illegal. The Court should admit the exhibit.

Defendants argue without basis in law that the entire conversation should be admitted. But Defendants may only admit their own self-serving hearsay by two routes: (1) identifying an applicable hearsay exception (or establishing that the statements are not hearsay); or (2) demonstrating the other statements are necessary to clarify the offered statements under a rule of completeness framework. Defendants do neither here.

First, Defendants do not even attempt to argue the non-offered portions fall under a hearsay exception, likely because they cannot. For example, Defendants hope to include Defendant Matlock's statement: "I don't *believe* this was fraud." (*See id.* at 3 (emphasis added).) But that is *precisely* the type of backward-looking statement of belief the hearsay exception for states of mind *excludes* from admission. *See* Fed. R. Evid. 803(3) (statements admissible under the rule do "not include[e] a statement of memory or *belief* to prove the fact remembered or *believed*" (emphasis added)); *United States v. Bradley*, 644 F.3d 1213, 1275 (11th Cir. 2011) (finding that defendant's "self-serving declarations that he did not believe" that his company's conduct was fraudulent were not covered by Rule 803(3)). Such statements are inherently unreliable and are expressly excluded by the applicable law. *See, e.g.*, *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980) ("[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind."); *see also United States v. Pacilio*, 85 F.4th 450, 467 (7th Cir. 2023) (affirming district court's exclusion of conversation offered under Rule 803(3) where defendant sent the messages the day after the email on which he was commenting such that defendant "had ample time to reflect on the email and misrepresent his thoughts"); (US MILs section II.6).[2]

Second, Defendants make offhand reference to the rule of completeness set forth in Rule 106, but do not cite the applicable standard, let alone meet their burden under that standard. (*See* Mot. at 3–4.) The law is clear that "neither the Constitution nor Rule 106 . . . requires the admission of the entire statement once any portion is admitted in a criminal prosecution." *United*

---

[2] Defendants have not attempted to meet their burden to establish the portions they seek to admit qualify for other hearsay exceptions and, at this point, the Court should deem any such arguments waived. To the extent the Court entertains any new arguments Defendants raise, the United States will respond.

*States v. Branch*, 91 F.3d 699, 729 (5th Cir. 1996). Instead, Rule 106 allows defendants to admit their own self-serving hearsay only where those statements are "*necessary* to clarify or explain the portion received." *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021) (emphasis added).

Further, "only the parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted." *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983). Notably, Rule 106 "does not permit a party to introduce writings or recorded statements to affirmatively advance their own, alternative theory of the case." *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021).

It is Defendants' burden to "demonstrate with particularity" how the unoffered statements meet that standard and Defendants haven't come close. *See Branch*, 91 F.3d at 729 (affirming district court excluding portions of post-arrest statement where defendant failed to meet his burden to demonstrate admissibility under Rule 106). The portions redacted here do nothing to clarify the statements the United States seeks to admit, which show only that Defendant Matlock is aware of what a pump and dump is and that it is securities fraud. Those are the reasons for the statements' admission. The hearsay Defendants hope to introduce are not even relevant to those points, let alone "necessary to clarify" them. *Herman*, 997 F.3d at 264.[3]

Rather, Defendants seek to insert backward-looking, self-serving hearsay in an effort to advance their own theory of the case through inadmissible evidence without facing cross-examination, which the law plainly does not allow. *See, e.g.*, *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). Indeed, if criminal defendants were permitted to introduce their own out-of-court statements for the truth, "parties could effectuate an end-run around the adversarial

---

[3] Defendants have made no further arguments to meet their burden under Rule 106, so the United States will not attempt to divine and rebut arguments Defendants themselves haven't attempted. To the extent Defendants later attempt to do so, the Court should deem the arguments waived. To the extent the Court entertains them, the United States will respond.

process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id.* The Court should not allow Defendants' attempts to so pervert the law.

The Court should also reject Defendants' argument that the exhibit should be excluded because its "only relevance is to a 'pump and dump' argument that the government is no longer pursuing." (ECF No. 549 at 4.) As explained *ad nauseum*, the United States will absolutely set out to prove Defendants sought to pump and dump stocks through their fraudulent scheme. Their own words show that to be true. (*See, e.g.*, US MILs section II.9.) Thus, Defendants themselves concede the relevance of this exhibit, given that Defendants' fraudulent intent to execute pump and dumps is squarely at issue, and by Defendants' own admission GX 70 is probative of that intent. The highly probative value of GX 70 is beyond any legitimate dispute, and the Court should admit the exhibit.

## **Conclusion**

The Court should deny Defendants' Motion.

Dated: February 27, 2024                             Respectfully submitted,

 

                                                     GLENN S. LEON
                                                     Chief, Fraud Section
                                                     Criminal Division, Department of Justice

By:   */s/ John J. Liolos*
        Scott Armstrong, Assistant Chief
        John J. Liolos, Trial Attorney
        Fraud Section, Criminal Division
        United States Department of Justice
        1400 New York Ave. NW
        Washington, DC 20005
        Tel.: (202) 768-2246

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: <u>*/s/ Thomas Carter*</u>
Thomas H. Carter
Assistant United States Attorney
State Bar No.: TX24048387
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9470

## Certificate of Service

I hereby certify that on February 27, 2024, I will cause the foregoing motions to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

/s/ *John J. Liolos*
John J. Liolos, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section