United States District Court
Southern District of Texas
**ENTERED**
April 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 4:22-CR-00612 |
| | § |
| EDWARD CONSTANTINESCU, *et al.* | § |

## ORDER

The Court has before it the Motion to Stay the Order dismissing the indictment in this case (Doc No. 638) and the corresponding Response in Opposition. (Doc. No. 639). For the following reasons, the Court denies the motion.

This action is against eight individuals (and ultimately a ninth) who allegedly participated in a scheme to use their social media influence to inflate the price of various stocks in the marketplace so they could sell their previously purchased shares at a higher price. While this Court has not had an opportunity to hear the evidence, if the allegations are accurate (and the Court notes that the vast majority of the Defendants maintain that they are not) there does appear to be some evidence that some form of market manipulation might have been at play.

Nevertheless, that scheme as alleged did not involve obtaining by fraud money or property of individuals or entities; instead, as alleged, it was a scheme aimed at depriving social media followers of full and honest investing information (which importantly included the Defendants' personal plans to sell the mentioned stocks). The scheme as alleged was aimed at manipulating the market in general and was instigated to maximize the Defendants' profits, allegedly at times at the expense of some unidentified and unknown quantity of Twitter followers. Moreover, as noted, the allegations are grounded on a theory that Defendants did not provide complete and truthful

information. These allegations fall under the umbrella of a recent Supreme Court case: *Ciminelli v. United States*, 598 U.S. 306 (2023), and perhaps fall into the gaps left unanswered by the Fifth Circuit in *United States v. Greenlaw*, 84 F.4th 325 (5th Cir. 2023).

In its motion, the Government largely reargues the merits of the dismissal, which is not particularly persuasive on the issue of a stay, while the Defendants maintain the Court does not have jurisdiction. The Government's arguments run into the same problems as before. Namely, the Government glosses over the *Ciminelli* problem by focusing on certain language in *Greenlaw*. Despite the Fifth Circuit's language in *Greenlaw* that a defendant cannot be convicted on "deceit alone," deceit alone appears to be all that the Government believes it must prove. In response to most questions concerning *Ciminelli* and *Greenlaw*, the Government has repeatedly argued to this Court that "success of the scheme is immaterial." *Greenlaw*, 84 F.4th at 346; *See* (Doc. No. 638 at 4). This is an accurate quote from *Greenlaw* with which the Court agrees. Nevertheless, it is to some extent taken out of context. Due to this language, though, the Government seems to believe it does not need to prove (or allege) a scheme depriving individuals or entities of money or property in order to convict these Defendants of securities fraud. The Government did not before and does not now explain how this scheme, as alleged, is one covered by the statute. 18 U.S.C § 1348. The Government seeks to convict by intent alone, seemingly collapsing the two "scheme to defraud" and "intent to defraud" elements into one.

As noted, the Court has always agreed with the Government that the success of the scheme is immaterial. Nevertheless, successful or not, the scheme must be one aimed at taking money or property (traditional property interests) through deception. Even more importantly, the success-of-the-scheme argument raised by the Government does not address the more prescient issue raised

in the Court's order—how, under *Ciminelli*, this case affects anything more than the alleged victims' right to control their assets by depriving them of honest economic information.

While the parties disagree, various counsel have continuously referred to this case as a "test case." Test case or not, the allegations concerning the merits, while serious, do not require the Court to grant the Government's motion to stay. Initially, setting aside the argument that this Court lacks jurisdiction to grant a stay, if this Court's ruling was in error as the Government argues, the Fifth Circuit can merely reinstate the indictment. *United States v. Kay*, 359 F.3d 738 (5th Cir. 2004). In doing so, hopefully, it will clear up some of the many issues that would have made trying this case at this stage nearly impracticable. For instance, the Circuit could answer the very question it left unanswered in *Greenlaw* as to whether the two requirements for the "scheme to defraud" element are conjunctive or disjunctive. That distinction could be pivotal here. Moreover, if the Circuit finds that this case is not governed by *Ciminelli*, which held that the federal fraud statutes do not criminalize schemes to deprive people of "the right to information necessary to make informed economic decisions," it might explain why and how depriving a potential investor of accurate information regarding one's own investment plans can be a basis for securities fraud while depriving a person of accurate information (or the right to control their assets) cannot be the basis for wire fraud.

Secondly, the Defendants, while not established businessmen in the traditional sense, are high profile individuals and are not likely to disappear or flee. Thirdly, and perhaps most important from the Court's and the Government's point of view, is consideration of the prospect that they might "reoffend" during the pendency of the appeal if not restrained. While no one can predict with complete accuracy the future conduct of any one individual, the Court reminds all parties that there is a civil case pending based on the same conduct that was the basis of the indictment here.

*See SEC v. Constantin. et al.*, 4:22-cv-4306. This case has been stayed pending the resolution of the criminal one, and the civil remedies available may not be undermined by either *Ciminelli* or *Greenlaw*. The Court also notes that since the criminal case has been dismissed, if not soon appealed, it is questionable whether the civil case should remain stayed. The alleged activities (past, present, and future if they were to occur) of the Defendants herein may constitute civil wrongdoing and they might be held to task in those proceedings. This prospect should be enough for the individuals to think twice before engaging in any questionable activities.

Consequently, during the pendency of the yet to be filed appeal, the Court does not see the need to stay its order and maintain the Defendants under the same restrictions that they have been subjected to for the last few years. The Government's motion to stay is denied.[1]

Signed at Houston, Texas, on this the 3rd day of April, 2024.

Andrew S. Hanen
United States District Judge

---

[1] The Court notes that the motion to stay was filed the week after it dismissed the indictment with no explanation for the delay. The Court announced to the parties, after extensive oral argument on the issue, that they should be prepared for an order dismissing the indictment that evening, or else an order ruling on the admissibility of certain evidence. Once aware of the potential ruling, the Government should have taken the opportunity to ask for a stay of such an order, but it failed to do so.