UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Case No. 4:22-cr-612 |
| § | |
| CONSTANTINESCU, *et al.* § | The Honorable Andrew S. Hanen |
| § | |
| Defendant. § | |

### United States' Response in Opposition to Matthew A. Ford's Motion to Withdraw

The United States, through undersigned counsel, respectfully responds in opposition to Matthew A. Ford's Motion to Withdraw as Counsel for Defendant Constantinescu (ECF No. 702). The Court should deny the motion at least until Mr. Ford fulfills his obligations under the Court's recent sealed Order, which appear to remain unfulfilled. (ECF No. 697.)

**I.    Legal Standard**

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *See, e.g.*, *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *United States v. Ruiz*, 2013 WL 6287440, at *1 (W.D. Tex. Dec. 4, 2013) (denying motion to withdraw). "The decision whether to grant an attorney's motion to withdraw is 'entrusted to the sound discretion' of the district court." *Id.* (quoting *Wynn*, 889 F.2d at 646).

"A court's determination whether an attorney has good cause to withdraw from a representation depends upon the facts and circumstance of each case." *Id.* (citing *Augustson v. Linea Aerea Nacional–Chile S.A. (LAN-Chile)*, 76 F.3d 658, 663 (5th Cir. 1996)). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' including whether withdrawal would cause 'undue delay in the proceedings' or 'prejudice to the client,' and

whether withdrawal is in 'the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, Civ. No. 3:04-cv-0472, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).

## II. Counsel has not met his burden of establishing good cause for withdrawal, and withdrawal at this time is prejudicial to the United States and not in the interests of justice.

Mr. Ford is lead counsel for Defendant Constantinescu and appears to be the Defendant's last active attorney on the case after the withdrawal of the Defendant's other counsel. (*See* ECF Nos. 699, 700.) Without Mr. Ford, it is unclear who would fulfill the obligations imposed by the Court's February 19, 2025 Order (ECF No. 697), which raises significant concerns discussed at the last hearing on February 18, 2025. It is not in the interests of justice for the obligations of that Order to remain unfulfilled. It is also prejudicial to the United States. Mr. Ford's motion does not meet his burden to establish good cause for withdrawal, as it does not provide substantive reasons for his request, or confirm notice to his client. Mr. Ford should not be permitted to withdraw without at least fulfilling his obligations under the Court's Order and meeting his burden here.

Furthermore, the United States respectfully submits that the case may be returned to the trial court for further proceedings as a result of the pending appeal, particularly in light of the Supreme Court's recent opinion in *Kousisis v. United States*, 605 U.S. __, No. 23-909, slip op. (May 22, 2025). Withdrawal of counsel without providing for substitute counsel threatens prejudicial delay of these proceedings. *See, e.g.*, *United States v. Watson*, 2011 WL 2708901, at *1 (S.D. Tex. July 11, 2011) (explaining the preference for trial counsel to continue representation through appeals).

Respectfully, the Court should deny Mr. Ford's motion without prejudice to renewal, at least until the Court's Order (ECF No. 697) is satisfied. It is in the interests of justice.

Dated: June 5, 2025                           Respectfully submitted,

                                            LORINDA I. LARYEA
                                            Acting Chief, Fraud Section
                                            Criminal Division, Department of Justice

By:    */s/ John J. Liolos*
                John J. Liolos, Trial Attorney
                Fraud Section, Criminal Division
                United States Department of Justice
                1400 New York Ave. NW
                Washington, DC 20005
                Tel.: (202) 768-2246

                NICHOLAS J. GANJEI
                Acting United States Attorney
                Southern District of Texas

By:    */s/ Thomas Carter*
                Thomas H. Carter
                Assistant United States Attorney
                State Bar No.: TX24048387
                1000 Louisiana Street, 25th Floor
                Houston, Texas 77002
                Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                                          */s/ John J. Liolos*
                                          John J. Liolos
                                          U.S. Department of Justice
                                          Criminal Division, Fraud Section