IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EDWARD CONSTANTINESCU,**<br>**P.J. MATLOCK**<br>**MITCHELL HENNESSEY,**<br>**JOHN RYBARCZEK,**<br>**STEVEN HRVATIN,**<br>**GARY DEEL,**<br>**THOMAS COOPERMAN, and**<br>**DANIEL KNIGHT,**<br>     **Defendants.** | Case No. 22-CR-00612 |

## **Motion for To Reinstate Conditions of Release**

The United States, by and through its undersigned counsel, hereby requests that the Court reinstate conditions of release that were previously imposed on the defendants in the present matter.    As laid out below, the proposed conditions of release are necessary to ensure the defendants' appearance at future proceedings and to protect the investing public.

I.    <u>History</u>

In December of 2022, a total of eight defendants were arrested pursuant to the

original indictment in this case.    After a series of individualized bond hearings, bond conditions were imposed by Magistrate Judges and then maintained for the entirety of the case by the original presiding District Court Judge, the Honorable Andrew S. Hanen.

On March 27, 2023, pursuant to a plea agreement with the United States, defendant Daniel Knight pled guilty to Count One of the Superseding Indictment, which charged him with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 1349.  ECF No. 221.  On March 20, 2024, less than a week before a scheduled jury trial for the seven remaining defendants, Judge Hanen granted a motion to dismiss the Superseding Indictment.    Thereafter, the defendants' pretrial conditions of release were lifted and seized properties and bank accounts were returned to the defendants.

On October 3, 2025, after oral arguments, the Fifth Circuit issued a 3-0 ruling overturning Judge Hanen's Order dismissing the superseding indictment.    On October 28, 2025, the Fifth Circuit Court of Appeals remanded the case back to the district court to continue proceedings consistent with its ruling.

On May 8, 2026, the defendants appeared before this Court for a status hearing.[1]  At the hearing, the Government advised the Court of its intention to seek the reimposition of certain conditions of release.  The prior dismissal of this matter

---

[1] At the hearing, defendant Edward Constantinescu failed to appear.

did not obviate the need for conditions of release that would ensure the appearance of the defendants at future proceedings and protect the investing public from the defendants' continued activities.

## II.    Prior Conditions

While slightly tailored to each individual defendant, prior bond conditions imposed on these defendants followed the standard conditions for such accusations in this District.   For all defendants they included:

- secured bonds of varying amounts, but no less than $100,000

- GPS and/or active location monitoring on all defendants

- surrender of any passports- domestic and foreign- to the US Marshals

- prohibition from applying for or seeking a new passport

- prohibition from promoting stocks or investments on social media or other public venues

Additionally, all defendants were subject to standard conditions of all bonds, including the prohibition on firearms and excessive consumption of alcohol, financial disclosures, no-contact orders covering witnesses and others, full-time employment, and reporting of law enforcement contact, among others.    These conditions were imposed by various Magistrate's Judges and, importantly, maintained through-out the pendency of the case by Judge Hanen, right up to the day

on which the indictment was dismissed.    Judge Hanen maintained these conditions despite repeated motions to modify filed by multiple defendants, primarily aimed at the removal of the GPS/location monitoring.

### III.    Flight Risk

The fight risk posed by the defendants in this case is not theoretical.  At the May 8, 2026 status hearing, defendant Constantinescu failed to appear, and to date, no attorney has filed a notice of appearance to represent defendant Constantinescu in this matter.  With this matter returning after a long hiatus and with the Court setting a trial date, the government has no reason to believe that the remaining defendants would not consider taking similar action as their co-defendant in fleeing the jurisdiction and failing to appear, as they face the same legal consequences if convicted.  Indeed, based on the nature of the charges and the alleged loss amount, the defendants may be subject to lengthy periods of incarceration if convicted.

Beyond the general risk of flight posed by defendants facing the potential of significant prison time, the government has specific concerns regarding certain defendants.    Defendant Cooperman is an Israeli citizen and his foreign ties bear significantly on his risk of flight.    The State of Israel, by policy and law, will only extradite its citizens abroad for trial under extremely limited circumstances, including whether Israel has a law substantially similar as the requesting country's prosecution, which is unclear in this case, and if there is a prior written agreement

that any prison sentence imposed in the requesting country and will be served in Israel.    Defendant Cooperman also claims to have extensive business connections to Asia and made multiple requests to travel out of the country, all of which were rejected by Judge Hanen.

Defendant Rybarczyk has, or should have, significant funds remaining with which to abscond should he choose.    The government, after a hearing with Judge Hanen, was able to freeze a roughly $15 million "trust fund" held by defendant Rybarczyk and believed to have been comprised of fraudulently obtained funds as alleged in the indictment.    This pool of money was returned to defendant Rybarczyk after the now-reversed dismissal.    The current status of those funds is unclear.

Finally, defendant Hennessey applied for a new passport on March 17, 2026, *after* the case against him was reinstated, before the first status conference with this Court, and while multiple charges were pending.    In his application, defendant Hennessey failed to mention that he had previously been subject to a passport application prohibition under these same charges and failed to inform this Court of his recent application during the status conference on May 8, 2026, when the subject of passports was specifically addressed.    The timing of defendant Hennessey's passport application is concerning.

IV.    Danger to the Community

Additionally, many of the defendants are still engaged in touting stocks or financial instruments on social media.   Defendant Deel is actively commenting on trades and futures on social media promoting a subscription based leveraged trading platform.   As of April 2026, Defendant Matlock is still promoting the same "Atlas Trading" Discord server the defendants used to gather the original victims on his own personal website, pjmatlock.com, which includes a "Case Status" and FAQ section regarding this case.   Finally, Defendant Hennessey actively maintains a "newsletter," posting daily about SPY and broader market themes while also promoting yet another paid trading platform.   Additionally, after the now-reversed dismissal in March of 2024, Defendant Hennessey immediately took the opportunity to launch his own crypto-coin called "Hugh Coin" which initially spiked in price and then declined precipitously (current value: 1 HUGH coin = $0.000006148) in May 2024.   This "meme coin" is apparently still available to be purchased by less discerning investors.

Given the above examples, the government requests that this Court re-impose the prior prohibitions against promoting financial instruments against the remaining defendants.

## V.    Prayer

As this case becomes active again and proceeds toward trial, and in an attempt

to keep the remaining defendants from fleeing like their co-defendant Constantinescu, the government believes it is more than appropriate to reimpose the original bond conditions. However, after consulting with the U.S. Probation Department about the logistics of some conditions, the United States would ask this Court to re-impose the following conditions, along with boilerplate conditions applicable to all defendants:

- Immediate surrender of all passports to the US Marshals, and refrain from new passport applications

- Prohibition on promotion of stocks or other financial instruments

Notably, the United States is *not* asking for the re-imposition of the same GPS and location monitoring that the defendants were originally subject to. Surrender of passports should accomplish the goal of ensuring the remaining defendant's appearance at trial and limit the avenues of escape already taken by a co-defendant.

For the foregoing reasons, the Court should grant this motion. A proposed Order is attached.

Date: May 28, 2026

Respectfully submitted,

John G. E. Marck
Acting United States Attorney
Southern District of Texas

By:   *s/ Thomas H. Carter*
Thomas H. Carter
Assistant United States Attorney
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9000

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EDWARD CONSTANTINESCU,**<br>**P.J. MATLOCK**<br>**MITCHELL HENNESSEY,**<br>**JOHN RYBARCZEK,**<br>**STEVEN HRVATIN,**<br>**GARY DEEL,**<br>**THOMAS COOPERMAN, and**<br>**DANIEL KNIGHT,**<br>          **Defendants.** | Case No. 22-CR-00612 |

## O R D E R

HAVING CONSIDERED the Government's Motion for Reimposition of Conditions of Release the COURT ORDERS:

- All defendants immediately surrender any passports- domestic or foreign- to the United States Marshals service and refrain from making new passport applications

- All defendants are to refrain from promoting stocks, options, securities financial instruments, and trading platforms on social media or otherwise

Signed at Houston, Texas this the _____ day of May, 2026.

_____

The HON. ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE