**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU, *et al.*** | § | |
| | § | |
| **Defendants.** | § | |

**UNITED STATES' MOTION TO RECERTIFY THIS CASE AS COMPLEX**
**AND TO TOLL THE SPEEDY TRIAL CLOCK**

The United States, by and through undersigned counsel, respectfully moves this Court to recertify this case as complex within the meaning of the Speedy Trial Act and to toll the speedy trial clock through the currently scheduled trial date of May 3, 2027.  In support of this motion, the United States submits the following:

1.    Congress imposed time limits to bring defendants to trial under the Speedy Trial Act ("the Act").  18 U.S.C. § 3161(a) provides that in any case involving a defendant charged with an offense, the matter shall be set so as to assure a speedy trial. The Act establishes that in any case in which a plea of not guilty has been entered, the trial will commence within 70 days from indictment or the day the defendant has first appeared before a judicial officer in which such charge is pending, whichever is later.  18 U.S.C. § 3161(c)(1).

2.    Certain periods of pretrial delay, however, are excludable from the Act's time limits by Congress, permitting the Court to schedule trial outside of the normal deadline under the Act. 18 U.S.C. § 3161(h).  For instance, Congress recognized that in unusual or complex cases, 70 days is an unrealistic time frame for attorney preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *id.* § 3161(h)(7)(A) ("The following periods of delay shall be excluded in computing the time . . . within which the trial of any such offense must commence: . . . Any period of delay resulting from a

continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."). When analyzing whether to grant an "ends of justice" continuance under the Speedy Trial Act based on a case's complexity, a court must consider factors including whether the case is "complex[] due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law . . . ." 18 U.S.C. § 3161(h)(7)(B)(ii).

3.     This case was previously certified as complex.  Specifically, on January 3, 2023, in response to Defendants Edward Constantinescu, Perry "PJ" Matlock, John Rybarczyk, and Daniel Knight's unopposed motion for a continuance and to certify the case as complex (ECF No. 72), United States District Judge Andrew S. Hanen certified this case as complex pursuant to 18 U.S.C. § 3161(h) and concluded that the trial date, scheduled outside the 70-day Speedy Trial Act clock, served "the ends of justice by adequately balancing the complexity of this case with the best interests of the public and defendants in a speedy trial."  ECF No. 209.

4.     Trial in this matter did not proceed on any date, as Judge Hanen granted a motion to dismiss this matter for failure to state an offense on March 20, 2024.  ECF No. 628.  On October 2, 2025, the U.S. Court of Appeals for the Fifth Circuit reversed the district court's dismissal and remanded the case.  *See* Case. No. 24-21043. On October 28, 2025, the Fifth Circuit's mandate was issued. ECF No. 714.

5.     On May 8, 2026, this Court held a status conference.  At that hearing, the Government requested that the Court reimpose bond conditions and find that the Speedy Trial Act has been tolled from October 31, 2025 through May 8, 2026 based on the Government's Motion

for a Status Conference. *See* ECF No. 722. After hearing from counsel, the Court agreed to receive briefing on both issues.  The Court further, after consulting with the parties, scheduled trial for May 3, 2027.[1]

6.      Because this matter remains complex for the same reasons that compelled Judge Hanen to certify the case as complex, the Government moves this Court to recertify this case as complex and issue an order finding that the time through the current trial date, May 3, 2027, is excludable under the "ends of justice."  Here, the "ends of justice" would be served in excluding this time for several reasons.  First, there are a large number of defendants.  Specifically, there are seven defendants remaining in this case.  Second, while the defendants were indicted several years ago, four of the defendants are represented by new counsel who have not been involved in this case since its inception.  Third, there is voluminous discovery, as the total discovery is hundreds of gigabytes in size and includes over one million files.  Finally, the Court should consider the complexity of the case, which involves allegations of securities fraud.

7.      For the reasons stated above, the United States respectfully requests that the Court designate this case as complex for purposes of the Act and toll the Speedy Trial clock based on the "ends of justice."  Should the Court, at any point, continue the case beyond the Speedy Trial Act cut-off date, the United States requests that the Court, "either orally or in writing, [state] its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

---

[1] Defendant Mitchell Hennessey, joined by defendant Stefan Hrvatin, has filed a motion to dismiss the Superseding Indictment due to a violation of the Speedy Trial Act and the Sixth Amendment.  ECF Nos. 759, 768.  The United States filed an opposition to that motion.  ECF No. 771.  The instant motion only seeks for the Court to make an ends of justice finding from the date of this filing until trial, May 3, 2027, and thus, does not seek an ends of justice finding covering the time period at issue in Defendant Hennessey's motion.  Further, as explained in the Government's opposition, the time since its October 31, 2025 Motion for Status Conference has been tolled.  *See* ECF No. 774.

Dated: July 22, 2026

Respectfully submitted,

LORINDA LARYEA
Chief, Fraud Section
Criminal Division, Department of Justice

By:　*/s/ Kashan Pathan*
Kashan Pathan, Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Tel.: (202) 514-8804

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas

By:　*/s/ Thomas Carter*
Thomas H. Carter
Assistant United States Attorney
State Bar No.:　TX24048387
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9470

4

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 16, 2026, the United States conferred with counsel for the defendants regarding the foregoing motion.  Counsel for defendants Tom Cooperman and Edward Constantinescu are unopposed to the motion.  Counsel for defendants Perry "PJ" Matlock, John Rybarcyzk, Gary Deel, and Stefan Hrvatin take no position on the motion.  Counsel for defendant Mitchell Hennessey opposes the motion.

/s/ Kashan Pathan
Kashan Pathan, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system.

/s/ Kashan Pathan
Kashan Pathan, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

6