**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU, *et al.*** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

This matter comes before the Court on the Government's *Motion to Recertify this Case as Complex and to Toll the Speedy Trial Clock.* The Speedy Trial Act establishes that in any case in which a plea of not guilty has been entered, the trial will commence within 70 days from indictment or the day the defendant first appeared before a judicial officer in which such charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). However, any period of delay resulting from a continuance granted by a judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government shall be excluded in computing time "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance, the Speedy Trial Act instructs the Court to consider "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

Here, the Court finds that this matter constitutes a complex case under § 3161(h)(7)(B)(ii) due to the number of defendants, the volume of discovery, which is hundreds of gigabytes in size and includes over one million files, and the sophisticated nature of this securities fraud prosecution.

Alternatively, even if this case is not complex within the meaning of the Act, the Court would continue this case beyond the Speedy Trial Act cut-off pursuant to § 3161(h)(7)(B)(iv). Certain defendants in this matter have retained or been appointed new counsel who must be afforded reasonable time to effectively prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring a court to consider whether failure to grant a continuance "would unreasonably deny the defendant . . . continuity of counsel, or would deny counsel for the defendant . . . the reasonable time necessary for effective preparation"). Failing to continue the trial to a date outside of the Speedy Trail cut-off would further result in a miscarriage of justice given the complex nature of this case and the need for attorney preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) (requiring a court to consider whether failure to grant a continuance "would . . . result in a miscarriage of justice"). In sum, §§ 3161(h)(7)(B)(i), 3161(h)(7)(B)(ii), and 3161(h)(7)(B)(iv) each independently support a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

Accordingly, the Court hereby GRANTS the Government's Motion and designates this case as complex pursuant to § 3161(h)(7)(B)(ii). The Court finds that the time through the current trial date, May 3, 2027, is excludable in the interests of justice pursuant to § 3161(h)(7)(A).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

Signed on_____, 2026.

_____
The Hon. Alfred H. Bennett
U.S. District Judge

2