**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**Case No. 4:22-CR-612**

**EDWARD CONSTANTINESCU**

### EDWARD CONSTANTINESCU'S RESPONSE TO GOVERNMENT MOTION TO IMPOSE NEW CONDITION OF RELEASE

Mr. Constantinescu opposes the Government's motion that asks the Court to order him, "as a condition of his release, to appear in-person" for the August 6 hearing regarding speedy-trial issues.  Gov't Mot. at 5, Dkt. 784.[1]

Although the Government asks for an order "as a condition of his release," Mr. Constantinescu is not currently subject to any conditions of release, as the Government has previously conceded.  When the Court dismissed the Superseding Indictment on March 20, 2024, "the defendants' pretrial conditions of release were lifted."  Gov't Mot. to Reinstate Conditions of Release at 2, Dkt. 753.  Since March 2024, Mr. Constantinescu has not been subject to any conditions of release.  Consistent with that concession, the Government recently filed a motion asking the Court to "re-impose" certain conditions of release on the defendants.  *Id.* at 7.  The Court has not yet ruled on that motion.  Nevertheless, the Government now asks this

---

[1] Mr. Constantinescu did not file or join the motion to dismiss that will be discussed at that hearing.  *See* Speedy-Trial Motion to Dismiss, Dkt. 759.

Court to put the cart before the horse, asking that an additional new "condition of …

release" be imposed on Mr. Constantinescu. Gov't Mot. at 5, Dkt. 784. The

Government fails to cite any legal authority for its request.

But there is a process for such a request. Defendants have a due process right

to notice and a hearing before conditions of release are entered in a criminal case.

*See United States v. Salerno*, 481 U.S. 739, 750 (1987) (Congress carefully protected

defendants' due process rights through the procedures required under the Bail

Reform Act). In fact, conditions of release may only be set "upon the appearance

[of the defendant] before a judicial officer." 18 U.S.C. § 3142(a).

At that hearing, a court must determine what, if any, conditions of release are

necessary to ensure the defendant's appearance in court. *See generally* § 3142(b) &

(c). A defendant has many rights at that hearing, including the right to counsel, the

right to testify, and the right to present evidence. *Salerno*, 481 U.S. at 752. Those

"extensive safeguards" are the only reason that the Bail Reform Act survives a

constitutional due process challenge. *Id.* at 753.

Mr. Constantinescu opposes the Government's motion to impose a new

condition of release without affording him all the constitutionally mandated

protections described in the Bail Reform Act. Unless and until Mr. Constantinescu

appears before a judicial officer for a hearing under the Bail Reform Act, the Court

should deny the Government's request to impose new conditions of release upon him.

The Government identifies no other basis for ordering Mr. Constantinescu to appear for a hearing regarding another defendant's motion.

**Lawful Travel**

The Government's motion includes screenshots of social media posts that it claims were made by Mr. Constantinescu. Gov't Mot. ¶¶ 5, 8. But it concedes that most of those posts were made during the time this case was dismissed, when Mr. Constantinescu was subject to no conditions of release. *Id.* ¶¶ 4 (case dismissed), 9 (Fifth Circuit decision).[2] They are not evidence of any violation.

Mr. Constantinescu disputes the Government's prior false description of him as "fleeing" and having taken advantage of "avenues of escape." Gov't Motion at 7, Dkt. 753. Those claims are wrong. The Government's inflammatory language obscures the truth: it has alleged nothing more than lawful travel. The Government claims only that Mr. Constantinescu left the country while this case was dismissed, while he was subject to no order of this Court.[3] That is neither flight, nor escape.

---

[2] Even the more recent post, in which "@MrZackMorris" states that he is never going back to an unspecified location, *id.* ¶ 11, fails to show any violation, and Mr. Constantinescu was under no conditions of release at that time either.

[3] The Government is correct that Mr. Constantinescu did not appear at the status conference this Court held on May 5, 2026. But there is no evidence that Mr. Constantinescu received notice of that hearing. From July 10, 2025, through May 29, 2026, no lawyer appeared on this Court's docket as representing Mr. Constantinescu, and there is no evidence that he personally

"Freedom to travel is, indeed, an important aspect of the citizen's 'liberty.'" *Kent v. Dulles*, 357 U.S. 116, 127 (1958). "Travel abroad, like travel within the country … may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." *Id.* at 126.

### Unnecessary Request

Finally, counsel for Mr. Constantinescu opposes the Government's unfounded request for a court order directing counsel to provide Mr. Constantinescu a copy of the Court's order. Gov't Mot. at 5. The Government offers no authority for such an order, and it fails to address counsel's freestanding obligation to keep his client "reasonably informed about the status of a matter." Tex. Disciplinary R. 1.03(a). Counsel will continue to satisfy his ethical obligations.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By _____
JOSHUA B. LAKE
Assistant Federal Public Defender
Southern District of Texas No. 2695263
440 Louisiana, Suite 1350
Houston, TX 77002-1056
713.718.4600

---

received notice of the hearing. The Government has not shown any knowing or willful failure to appear—it concedes that "it is unclear if [Mr. Constantinescu] received notice of the hearing." Gov't Mot. at 3.

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 24, 2026, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to counsel for the Government.

By <u>/s/ Joshua B. Lake</u>
JOSHUA B. LAKE