**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU, *et al.*** | § | |
| | § | |
| **Defendants.** | § | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR DEFENDANT**
**EDWARD CONSTANTINESCU TO APPEAR IN-PERSON**

Defendant Edward Constantinescu has publicly stated that he is in Romania, and that he is "never going back to" the United States. *See* Dkt. 784 at 4. The government therefore requested that the Court order him to appear in-person for the next scheduled hearing in this case. But Constantinescu opposed this basic request. He contends that this Court is powerless to order him to appear in-person until he decides to voluntarily appear in-person, which, by his own admission, he does not intend to do. By his logic then, he can evade this Court's authority indefinitely by simply choosing not to appear. But that is not the law and this Court is not powerless. This Court has the authority to order him to appear both as a condition of his release and as part of this Court's inherent supervisory authority.

Constantinescu first contends that conditions of release cannot be imposed on him, absent the constitutional protections of notice and a hearing before a judicial officer. But the Fifth Circuit rejected a similar argument where a court *sua sponte* imposed additional conditions of release on a defendant without a hearing even though the defendant contended that due process required the court to conduct a hearing. *See United States v. Emakoji*, 990 F.3d 885, 892 (5th Cir. 2021). The Fifth Circuit explained that that "[a]lthough the Bail Reform Act requires a hearing before a court

detains a defendant, 18 U.S.C. § 3142(e)(1), the Act allows a court 'at any time' to 'impose additional or different conditions of release.'" (quoting 18 U.S.C. § 3142(c)(3)).  At the start of this case, following a hearing before a U.S. Magistrate Judge, Constantinescu had conditions of release imposed on him.  *See* Dkt. 64. While this case was later dismissed, conditions were removed, and then the case was reinstated following an appeal, nothing in the Bail Reform Act suggests that a new bail condition hearing must occur following the reinstatement of a case after appeal, for any conditions to be imposed.  The Court may therefore amend Constantinescu's conditions of release to require that he appear in-person without any hearing.

Relatedly, Constantinescu contends that all his foreign travel has been lawful because it occurred while this case was dismissed, and it therefore does not constitute "any violation" of his conditions of release.  *See* Dkt. 787 at 3.   A defendant's conditions of release, however, may be changed without any finding that the defendant violated existing release conditions because "that requirement is absent from the [Bail Reform] Act." *Emakoji*, 990 F.3d at 892.  And here, ordering Constantinescu to appear in-person is necessary under 18 U.S.C. 3142(g) to "reasonably assure the appearance of the person[.]"

Even without adding conditions of release, this Court can order Constantinescu to appear pursuant to its inherent powers and authorities.  The Supreme Court has long held that: "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)).  District courts have broad inherent powers, including those "necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  And while "inherent powers must be exercised with restraint and discretion," *Chambers*,

501 U.S. at 44, it would be a reasonable exercise of this Court's inherent powers to require Constantinescu to appear in-person (and order his attorney to serve such an order on him) when he has made clear that he does not intend to return to the United States.  If the Court cannot require him to appear, Constantinescu, by virtue of leaving the United States while this case was on appeal, could evade this Court's authority and avoid answering for the criminal charges against him.  This would undermine the ability of this Court to "protect the efficient and orderly administration of justice[.]"  *In re Stone*, 986 F.at 902.

For all these reasons, the Court should grant the government's motion to require Defendant Constantinescu to appear in-person.

Dated: July 29, 2026                              Respectfully submitted,

                                                 LORINDA LARYEA
                                                 Chief, Fraud Section
                                                 Criminal Division, Department of Justice

                        By:     */s/ Kyle Crawford*
                                Kashan Pathan, Trial Attorney
                                Kyle Crawford, Trial Attorney
                                Fraud Section, Criminal Division
                                United States Department of Justice
                                1400 New York Ave. NW
                                Washington, DC 20005
                                Tel.: (202) 514-8804

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Kyle Crawford*
Kyle Crawford, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

4