**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **MITCHELL HENNESSEY, and** | § | **The Honorable Alfred H. Bennett** |
| **STEFAN HRVATIN,** | § | |
| | § | |
| **Defendants.** | § | |

**UNITED STATES' SUPPLEMENTAL BRIEF IN OPPOSITION TO**
<u>**DEFENDANT HENNESSEY'S MOTION TO DISMISS**</u>

The United States, by and through undersigned counsel, respectfully submits this Supplemental Brief in Opposition to Defendant Hennessey's Motion to Dismiss Due to Violations of the Speedy Trial Act and Sixth Amendment (ECF No. 759) and Defendant Hrvatin's Motion for Joinder to the Motion to Dismiss (ECF No. 768).[1] Since the Government filed its response to these motions, it identified additional legal authority as it prepared for the upcoming hearing, which supports denying the pending motions to dismiss. Under the Speedy Trial Act, while a trial normally must commence within 70 days, where, as here, a case is reinstated after an appeal, this Court may extend that time to 180 days. *See* 18 U.S.C. § 3161(d)(2). The Government respectfully submits this brief to advise the Court of this relevant legal authority and requests that the Court find that—because the applicable factors are present—the Speedy Trial Act clock is 180 days.

**I. Statutory Background**

The Speedy Trial Act (the "Act") grants district courts discretion to extend the period for commencing trial from 70 to 180 days. Specifically, the Act provides:

---

[1] The Government would not oppose providing the defense with the opportunity to file a response to this brief.

> If the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial shall commence within seventy days from the date the action occasioning the trial becomes final, except that the court retrying the case **may extend the period for trial not to exceed one hundred and eighty days from the date the action occasioning the trial becomes final if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical.** The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

18 U.S.C. § 3161(d)(2) (emphasis added).  Under this provision, unless the Court extends the deadline, trial for a case that is reinstated following appeal must commence within 70 days from the "date the action occasioning the trial becomes final," which, as explained below, is the date when the mandate is issued.

Recognizing that a reinstated case may require more than 70 days before trial can begin due to practical considerations arising from the passage of time, Congress provided a different rule for these circumstances.  Section 3161(d)(2) provides that the district court "may extend the period for trial not to exceed one hundred and eighty days from [the mandate] **if the unavailability of witnesses or other factors** resulting from the passage of time shall make trial within seventy days impractical."  (emphasis added). Section 3161(d)(2) further provides that the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." Section 3161(h), in turn, excludes in the computation of time delays resulting from a number of events, including, for example, delays resulting from pretrial motions.  18 U.S.C. § 3161(h)(1)(A)-(H).

2

**II.     Conditions Resulting from the Passage of Time Support an Extension of the Speedy Trial Clock to 180 Days**

This Court should find that "other factors resulting from the passage of time [] make trial within seventy days impractical" and extend the speedy trial clock to 180 days. *See* 18 U.S.C. § 3161(d)(2). Courts may consider a variety of factors, including docket congestion, the assignment of a new judge, the complexity of the case, and providing new counsel with adequate time to prepare, in determining whether to extend the speedy trial clock. *See United States v. Holley*, 986 F.2d 100, 102-03 (5th Cir. 1993); *United States v. Shellef*, 718 F.3d 94, 105-06 (2d Cir. 2013); *United States v. Aboh*, 145 F.3d 1326, 1998 WL 196612 (4th Cir. 1998).

In *Holley*, the Fifth Circuit affirmed a district court's extension of the speedy trial clock to 180 days under 18 U.S.C. § 3161(e) due to factors arising from the passage of time.[2] 986 F.2d at 103. There, as here, the case had returned to the district court after remand. *Id*. at 102. On appeal, the defendant argued that the extension of the speedy trial clock "amount[ed] to nothing more than crowded dockets" and "neither a congested calendar nor the pressure of judges' other business can excuse non-compliance with the Speedy Trial Act." *Id*. at 103. The Fifth Circuit disagreed. First, the Fifth Circuit acknowledged that § 3161(e) provides trial courts with "greater flexibility in setting cases for trial following appeal than is provided in the initial indictment-to-trial cases." *Id*. Next, the court identified several factors that supported the district court setting trial outside the default 70-day window, including the trial judge's involvement in a lengthy seven-week trial, the assignment of the case to a new judge, and the Western District of Texas being four judges short of the ten authorized by Congress. *Id*. The Fifth Circuit held that, "[a]s a consequence of these

---

[2] 18 U.S.C. § 3161(e) is virtually analogous to § 3161(d)(2) except it allows the district court to extend, due to the passage of time, the speedy trial clock to 180 days for a case where a defendant is tried again following an appeal or a collateral attack instead of a dismissal and reinstatement following appeal. Accordingly, cases applying § 3161(e) are equally instructive.

conditions resulting from the passage of time, there was no practical way to try the case within seventy days and the court extended the trial date." *Id.* at 103.

Consistent with the Fifth Circuit, the Second Circuit has affirmed a district court's extension of the speedy trial clock under § 3161(e) due to factors resulting from the passage of time, including, among other things, the reassignment of the case to different judges on remand, which required the new judge to become familiar with the case. *See Shellef*, 718 F.3d at 106. In reaching its decision, the Second Circuit acknowledged that the Act affords trial judges considerable discretion in determining whether a factor results from the passage of time or when a factor renders trial impractical. *Id*. at 105 ("The Speedy Trial Act does not itself provide standards for determining when a factor results from the passage of time or even when such a factor renders trial impractical. This suggests that Congress intended to afford experienced trial judges considerable discretion in making such determinations.").

Here, several factors resulting from the passage of time support finding that it is impractical for trial to begin within the ordinary 70-day period. First, the original district court judge in this matter, the Honorable Andrew S. Hanen, recused himself after remand, necessitating the reassignment of the case to this Court. To afford this Court an opportunity to familiarize itself with the prior history of this case and the legal issues involved, an extension of the speedy trial clock to 180 days is well supported. *See Holley,* 986 F.2d at 102-03; *Shellef*, 718 F.3d at 106; *see also United States v. Barnwell*, 617 F. Supp. 2d 538, 554 (E.D. Mich. 2008), *aff'd on other grounds*, 364 F. App'x 240 (6th Cir. 2010) (noting that judicial reassignment, among others, made trial "within 70 days impractical.")

Second, after dismissal of this case, counsel for four defendants withdrew and obtained new counsel, including counsel for Defendants Constantinescu (ECF Nos. 698-702, 705, 707-08,

4

754), Hrvatin (ECF Nos. 680, 683, 733), Deel (ECF No. 728, 732), and Matlock (ECF No. 738, 746).  The appearance of new counsel and the time needed for these attorneys to familiarize themselves with this complex case that had already undergone substantial litigation before dismissal warrants an extension of the speedy trial clock to 180 days and would render trial within 70 days wholly impractical.  *See United States v. Hernandez-Urena*, 35 F.3d 572, 1994 WL 502638, at *4 (9th Cir. 1994) (finding that an extension under Section 3161(e) was justified, in part, because the original prosecutor who had tried the case had left government service); *see also United States v. Arrington*, No. 15-CR-33, 2022 WL 1784808, at *17 (W.D.N.Y. June 1, 2022) (district court found that the change of counsel paired with other considerations supported an extension of the speedy trial clock under § 3161(e)).

Third and relatedly, the complex nature of this case warrants an extension of the speedy trial clock, especially as new counsel review and evaluate the discovery to prepare for trial.  *See Aboh*, 145 F.3d at 1326 (finding that, among other practical considerations, commencing trial within the default 70-day window imposed by the Act was impractical as new counsel needed adequate time to review transcripts of the prior trial); *United States v. Akande*, No. 12-cr-0288, 2020 WL 5513437, at *2 (D. Md. Sept. 14, 2020) (district court held that, among other reasons, the complexity of the case itself supported an extension of the speedy trial clock under either § 3161(d)(2) or § 3161(e)).

This case was originally certified as complex by Judge Hanen because there were eight defendants, four defendants resided outside the Southern District of Texas, the nature of the allegations in the indictment, voluminous discovery, and novel questions of fact and law.  ECF No. 209.  After reinstatement, those original complexities remain, and have been compounded by the fact that four of the defendants are now represented by new counsel.  Indeed, at the May 8,

2026 status hearing, four of the defendants requested a trial date beyond the 70-day deadline under the Act in order to prepare for trial.  *See* ECF No. 775.

The complexity of this case has been further aggravated by the significant pretrial litigation that has already occurred that new counsel must now familiarize themselves with, which further warrants extension of the speedy trial clock.  *See Shellef*, 718 F.3d at 106. Put simply, a case of this complexity paired with new counsel unfamiliar with the discovery and the extensive litigation that occurred previously makes trial within 70 days impractical.  As the case law demonstrates, this is precisely the type of situation in which the 180-day speedy trial extension is warranted.

Fourth, given the congested calendars of judges in this district, beginning trial within 70 days is also impractical.  According to the Administrative Office of the U.S. Courts, each judge in this district has approximately 956 pending cases, which is the 13th highest in the country and over 1,100 filings in the past year, ranking 7th highest in the country.[3]  Given the caseload assigned to judges in this district, scheduling time for a complex, multi-defendant, and lengthy securities fraud trial on a crowded docket within 70 days of the mandate would be impractical. *See Holley*, 986 F.2d at 103 (affirming a district court's decision under § 3161(e) to extend the Act's deadline of 70 days based, in part, on the congested calendar of the district court).

Fifth and finally, one of the defendants in this case, Defendant Constantinescu, has yet to appear before this Court since reinstatement of this case.  Defendant Constantinescu has publicly stated that he is in Romania and "never going back" to the United States.  *See* ECF 784 (Gov't Motion for Constantinescu to Appear).  Extension of the speedy trial window from 70 to 180 days

---

[3] U.S. Court statistics indicate that, for the 12-month period ending March 31, 2026, each judge in the district carried approximately 956 pending cases and had 1,117 total filings.  *See* https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2026.pdf,  at  p. 36.

6

would provide greater opportunity for Defendant Constantinescu to be tried with his codefendants, promoting judicial efficiency by avoiding multiple trials. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). This is yet another factor that would render trial in 70 days impractical.

In sum, Fifth Circuit precedent and the factors considered above—whether alone or in combination—support this Court exercising its discretion and extending the speedy trial clock from 70 to 180 days under 18 U.S.C. § 3161(d)(2). In setting this case for trial next year, this Court has implicitly acknowledged that practical considerations arising from the dismissal and reinstatement would not allow trial within 70 days. An extension to 180 days is warranted and necessary given the circumstances of this case.

**III.     Section 3161(d)(2) Allows Courts to Extend the Speedy Trial Clock Retroactively**

This Court can still extend the speedy trial clock to 180 days. Section 3161(d)(2) permits courts to apply the 180-day speedy trial clock at any time, even after the default 70-day period has expired. *See Shellef*, 718 F.3d at 102-05; *United States v. Ginyard*, 572 F. Supp. 2d 30 (D.D.C. 2008). Nothing in the text of the statute suggests that a court must make this determination before the 70-day period expires.

The Second Circuit explained in *Shellef* that: "neither the statutory text nor unwarranted concerns about the conduct of district courts support construing 18 U.S.C. § 3161(e) to limit the exercise of a district court's extension discretion under that provision to the initial 70–day period for retrial." 718 F.3d at 105. The court emphasized that: "No language in § 3161(e) . . . states when a district court may grant such extensions or when it must make the necessary supporting findings. Nor does any statutory language state that the district court's extension authority is limited to the initial 70–day period for retrial." *Id*. at 102. Likewise, in *Ginyard*, the court held that "a Section

3161(e) extension of the speedy trial clock from seventy days to 180 days is authorized under the Speedy Trial Act after the initial seventy-day period has elapsed." *United States v. Ginyard*, 572 F. Supp. 2d 30, 36 (D.D.C. 2008).  The court noted that while "ends of justice" tolling requires "a contemporaneous factual finding" because the statute requires that "the court set forth, in the record of the case ... its reasons for finding" that an "ends of justice" continuance is proper, "[t]he absence of parallel language in Section 3161(e) strongly suggests that Congress did not intend to prevent the granting of Section 3161(e) continuances after the initial seventy-day period for trial had passed." *Id.* at 35.

In reaching this conclusion, both courts relied on the similar statutory text of 18 U.S.C. § 3161(e), which governs extending the 70-day default clock to 180 days in the event of a mistrial. The text of the statute contains the same operative language as Section 3161(d)(2), applicable here, which governs extending the clock to 180 days if a case is reinstated after an appeal, and therefore *Shellef* and *Ginyard* apply with equal force here.  This Court may therefore extend the speedy trial clock to 180 days.  As discussed above, the Court should do so in this case.

## IV.     The 180-Day Speedy Trial Period Has Not Expired

If the Court finds that the 180-day extension applies, there is still ample time on the speedy trial clock.  The 180-day speedy trial clock begins to run "from the date the action occasioning the trial becomes final," 18 U.S.C. § 3161(d)(2), which for Defendant Hennessy, is October 28, 2025, (ECF No. 719), the date the Fifth Circuit issued its mandate.  *See United States v. Kingston*, 875 F.2d 1091, 1109 (5th Cir. 1989) (citing *United States v. Mize*, 820 F.2d 118, 120 (5th Cir. 1987)). For sake of simplicity and to provide the defense with an extremely generous application of the Speedy Trial Act, we assume the speedy trial clock is tolled for 30 days from the date a motion was filed, 18 U.S.C. § 3161(h)(1)(H), or the actual time the Court took to decide the motion

(whichever is shorter). Nonetheless, even under these favorable assumptions, more than 180 days remain on the speedy trial clock as set forth in the chart below. Indeed, only 80 days have passed on the speedy trial clock[4]

The government applies the counting method adopted by the Fifth Circuit and the defense, (ECF No. 759 at 8) whereby "we do not count the day of the event that triggers the period, but we do count the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *United States v. Vinagre-Hernandez*, 925 F.3d 761, 765–66 (5th Cir. 2019) (internal citations and quotations omitted).

| Date | Motion/Event | Days Tolled | Tolling End Date | Decision on Motion |
|------|--------------|-------------|------------------|--------------------|
| 10/17/25 | Knight's Motion to Modify Conditions of Release (ECF No. 712) | 30 | 11/17/2025 | 12/12/25 (ECF No. 730) |
| 10/28/25 | Mandate Issued for Defendant Hennessy (ECF No. 719) | N/A | N/A | N/A |
| 10/31/25 | Gov't Motion for Status Conference (ECF No. 722) | 30 | 12/1/2025 | 3/31/26 (ECF No. 739) |
| 11/25/25 | Deel's Motion to Substitute Counsel (ECF No. 728) | 21 | 12/16/25 | 12/16/25 (ECF No. 732) |
| 12/4/25 | Motion to Appear Pro Hac Vice by Robert Parker Jr. (ECF No. 729) | 8 | 12/12/25 | 12/12/25 (ECF No. 731) |
| **78 Days Passed on Speedy Trial Clock Between 12/17/25 and 3/5/26** | | | | |
| 3/5/26 | Gov't Renewed Motion for Status Conference (ECF No. 736) | 30 | 4/6/26 | 3/31/26 (ECF No. 739) |
| 4/3/26 | Gov't Motion to Withdraw Counsel (ECF No. 740) | 30 | 5/4/26 | none |
| **2 Days Passed on Speedy Trial Clock Between 5/4/26 and 5/5/26** | | | | |

---

[4] To be sure, the government does not agree that this is the correct calculation, but it will apply this method here to show that even under this application of the Act, 180 days has not passed. Moreover, in its earlier response, the government contended that fewer than 70 days had lapsed on the speedy trial clock. ECF No. 774. The government does not waive this previous argument, but it makes this argument as an alternative ground for the Court to deny the pending motion to dismiss.

9

| 5/6/26 | Matlock's Motion to Withdraw (ECF No. 746) | 1 | 5/7/26 | 5/7/26 (ECF No. 747) |
|---|---|---|---|---|
| 5/8/26 | Oral Motion to Toll Speedy Trial Clock at Status Hearing, which the Court deferred ruling on (ECF No. 775 at 8:5-12)[5] | 30 | 6/8/26 | none |
| 5/26/26 | Rybarczyk's Motion to Travel (ECF No. 751) | 14 | 6/9/26 | 6/9/26 (ECF No. 761) |
| 5/28/26 | Gov't Motion to Reinstate Conditions of Release (ECF No. 753) | 30 | 6/28/26 | none |
| 6/8/26 | Hennessey's Motion to Dismiss (ECF No. 759) | 30 | 7/8/26 | none |
| 6/18/26 | Knight's Motion to Modify Conditions of Release (ECF No. 766) | 6 | 6/24/26 | 6/24/26 (ECF No. 773) |
| 6/19/26 | Hrvatin's Motion for Joinder to Hennessey's Motion to Dismiss (ECF No. 768) | 30 | 7/19/26 | none |
| 6/24/26 | Gov't Motion for Extension of Time to File Response to Motion to Dismiss (ECF No. 770) | 30 | 7/24/26 | none |
| 6/25/26 | Hennessey's Motion to Withdraw (ECF No. 772) | 30 | 7/27/26 | none |
| 7/21/26 | Gov't Motion for Constantinescu to Appear In-Person (ECF No. 784) | TBD | At least 8/6/26 | none |
| 7/22/26 | Gov't Motion to Certify Case as Complex (ECF No. 785) | TBD | At least 8/6/26 | none |
| 7/23/26 | Motion for Waiver of Appearance (ECF No. 786) | 5 | 7/28/26 | 7/28/26 (ECF No. 790) |
| 7/28/26 | Gov't Motion to Withdraw (ECF No. 788) | 0 | 7/28/26 | 7/28/26 (ECF No. 791) |

Finally, assuming the Court grants the Government's pending request to toll the Speedy Trial Act based on the "ends of justice," through the current May 2027 trial date, any such trial would occur within the Speedy Trial Act's 180-day clock.  *See* ECF No. 785.

---

[5] Such an oral motion tolls the Speedy Trial clock. *See United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) ("We see no reason why an oral motion would not trigger the excludable delay contemplated by § 3161(h)(1)(D).").

**V.      Conclusion**

Under Section 3161(d)(2) of the Act, this Court has considerable discretion to extend the speedy trial clock in this reinstated case from 70 to 180 days. As explained above, several conditions have arisen since the dismissal of this case that warrant such an extension and render trial within the default 70-day deadline impractical.  To that end, this Court should deny the motions to dismiss and issue an Order finding that conditions arising from the passage of time render trial within 70 days impractical and that the Court is exercising its discretion to extend the speedy trial clock to 180 days pursuant to Section 3161(d)(2) of the Act.  The government further requests that the Court find that the "ends of justice" support tolling the speedy trial clock from the present until the scheduled May 2027 trial date for the reasons described in the government's previously filed motion. *See* ECF No. 785.

Dated: July 31, 2026                        Respectfully submitted,


                                           LORINDA LARYEA
                                           Chief, Fraud Section
                                           Criminal Division, Department of Justice

                              By:     */s/ Kashan Pathan*          
                                           Kashan Pathan
                                           Kyle Crawford
                                           Trial Attorneys
                                           Fraud Section, Criminal Division
                                           United States Department of Justice
                                           1400 New York Ave. NW
                                           Washington, DC 20005
                                           Tel.: (202) 514-8804

11

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I will cause the foregoing motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.


/s/ Kashan Pathan
Kashan Pathan, Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

12