**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. 4:22-cr-00612 |
| MITCHELL HENNESSEY, | § § § § | |
| *Defendant.* | § | |

**MITCHELL HENNESSEY'S RESPONSE IN OPPOSITION TO UNITED STATES'
MOTION TO RECERTIFY CASE AS COMPLEX AND
TOLL THE SPEEDY TRIAL CLOCK**

Mitchell Hennessey opposes the United States' Motion to Recertify this Case as Complex and to Toll the Speedy Trial Clock (ECF 785) ("Motion"). The government asks the Court "to recertify this case as complex within the meaning of the Speedy Trial Act and to toll the speedy trial clock through the currently scheduled trial date of May 3, 2027." *Id.* at 1. The government's Motion should be denied because no continuance has been granted, and thus, there is no legal basis for the Court "to toll the speedy trial clock" under 3161(h)(7)(A) or any other provision of the Speedy Trial Act. The ends of justice are not served by delaying this trial another 18 months after the mandates issued, and the government's Motion completely ignores the public's significant interest in this case proceeding to trial as well as Mr. Hennessey's right to a speedy trial. This case is not complex, and the Court should deny the government's request to certify it as such.

**1. No continuance has been granted, so no delay is excludable under § 3161(h)(7)(A).**

The government asks the Court "to recertify this case as complex and issue an order finding that the time through the current trial date, May 3, 2027, is excludable under the 'ends of justice.'" But § 3161(h)(7)(A) only applies to delays resulting from a continuance granted by a judge. No

continuance has been granted in this case, so no delay can be excluded under this subsection. Section 3161(h)(7)(A) states:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . .
> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Since the mandates issued, the first (and only) trial date that has been set in the case is the current trial date: May 3, 2027. No continuance has been granted, nor has the government requested a continuance. Thus, no "period of delay resulting from a continuance granted by any judge" has or will occur before the May 3, 2027, trial date, and § 3161(h)(7)(A) does not provide a basis to exclude any intervening time. The government cites no other legal basis upon which the Court could "toll toll the speedy trial clock through the currently scheduled trial date of May 3, 2027." The Motion should be denied.

## 2. The ends of justice are not served by a trial delay of 18 months.

Even if the Court had granted a continuance—it did not—the government's motion should still be denied because the ends of justice are not served by waiting until May 3, 2027, to try a case that has been trial-ready since March 2024.

2

The public has a significant interest in this case proceeding expeditiously to trial, and Mr. Hennessey has a right to a speedy trial. Neither of these interests are even mentioned in the government's Motion. As the Fifth Circuit explained:

> The [Speedy Trial] Act is intended both to protect the defendant from undue delay in his trial *and to benefit the public* by ensuring that criminal trials are quickly resolved. Allowing the defendant to waive the Act's provisions would compromise *the public interest* in speedy justice. . . *The Act's central intent to protect society's interests requires that a defendant's purported waiver of his rights under the Act be ineffective to stop the speedy trial clock from running.*

*United States v. Blackwell*, 12 F.3d 44, 47 (5th Cir. 1994) (quoting *United States v. Willis*, 958 F.2d 60, 62 (5th Cir. 1992) (citations omitted)) (emphasis in original). While completely ignoring the public and Mr. Hennessey's compelling interest, the government argues that the presence of seven defendants, four new defense counsel, voluminous discovery, and securities fraud charges justify an 18-month delay in this case.

The absurdity of the government's position is apparent when one compares the time between the indictment (December 7, 2022) and the pre-dismissal trial date (April 1, 2024)—16 months—and the time between the last mandate (November 10, 2025) and the current trial date (May 3, 2027)—18 months. There is no reason the parties need more time now to prepare for trial than they did when the case was newly indicted. This case was just 11 days away from trial when it was dismissed on March 20, 2024. ECF 628. The only thing that has changed is that four of the seven defendants replaced their counsel after the case was dismissed. ECF 728, 733, 738, 754. But there is no reason new counsel need 18 months to prepare for trial in a case that has been trial-ready for years. The original counsel who started on the case when it was indicted in 2022 were ready in 16 month even though they had to wait nearly a month to receive any discovery, more than three months to learn what stocks were at issue in the case, and over six months for the

3

government to disclose the defendants' purportedly false statements that form the basis of the charges. ECF 759 at 2–3. Initial counsel received the government's exhibits more than a year after indictment, and approximately two months before the scheduled trial. *See* ECF 498, 499. Yet, new counsel who joined the case after dismissal had all this from the outset. Thus, the entry of new counsel does not justify extending the trial date to 18 months after the mandates.

In addition, this case has been significantly simplified since January 3, 2023, when Judge Hanen concluded that the case was complex—before the government produced any discovery. ECF 87. Since then, the government has reduced the number of trading episodes at issue for trial from 402 to 54. *See* ECF 759 at 4. And the government conceded that it would not prove causation, a complex component of typical securities fraud cases. *Id.* at 12–13; *see also In re Key Energy Servs. Sec. Litig.*, 166 F. Supp. 3d 822, 837 (S.D. Tex. 2016) ("In the Fifth Circuit, 'the testimony of an expert—along with some kind of analytical research or event study—is required to show loss causation.'"). The reduction of trading episodes and removal of causation has made this case much simpler than it seemed to be in January 2023.

This case has been pending for nearly four years, and at this stage, the government's allegations boil down to this: the defendants (1) bought a publicly traded stock on the open market, (2) posted on Twitter or Discord that they bought the stock (which was true) and also posted positive statements about the stock (which the government alleges the defendants did not believe), and (3) sold the stock without posting that they sold. *See* ECF 134.

Given that this case has been ready for trial for nearly two and a-half years, the factors the government now cites—number of defendants, new counsel for some defendants, volume of discovery, and securities fraud allegations—simply do not have the same force they did in January 2023. At this late stage, these factors simply do not support finding that this case is complex or

4

that the ends of justice are served by delaying trial for 18 months after the mandates issued. These factors must be weighed against the significant countervailing interest of the public and Mr. Hennessey in this case proceeding promptly to trial. At this point in the proceedings, the compelling public interest in and Mr. Hennessey's right to a speedy trial far outweigh the, now significantly diminished, factors the government cites. The ends of justice are not served by delaying trial of this case for 18 months after the mandates issued. The government's Motion should be denied.

### 3. Conclusion

The Court should deny the government's Motion to recertify this case as complex and toll the speedy trial clock. No continuance has been granted or requested, so Section 3161(h)(7)(A) simply does not allow the Court to "toll the speedy trial clock" as the government requests. Both the public and Mr. Hennessey have a strong interest in this case proceeding promptly to trial, and those interests far outweigh the factors the government cites to justify the excessive delay in bringing this case to trial. The government's Motion should be denied.

Respectfully submitted,

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova
State Bar No. 24128031, S.D. Tex. No. 1117332
JACKSON WALKER LLP
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
lcordova@jw.com

**Attorney for Defendant Mitchell Hennessey**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2026, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova