**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Case No. 4:22-cr-612** |
| | § | |
| **CONSTANTINESCU, *et al.*** | § | |
| | § | |
| **Defendants.** | § | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO RECERTIFY THIS CASE AS COMPLEX AND TO TOLL THE SPEEDY TRIAL CLOCK**

Defendant Mitchell Hennessey's opposition to the Government's motion to recertify this case as complex and to toll the speedy trial clock through the current trial date (ECF No. 785; hereafter, the "Motion") is meritless. Contrary to Defendant's assertions, this Court has the authority to toll the Speedy Trial Act (the "Act") until the current trial date, and by scheduling trial well outside the time period specified under the Act, this Court has tacitly acknowledged that the ends of justice are served by doing so. The Government merely asks this Court to enter an Order making an explicit ends of justice finding to allow trial to proceed as scheduled on May 3, 2027. This Court should grant the Government's motion.

**I. This Court has the authority to toll the speedy trial clock through the current trial date of May 3, 2027.**

In his opposition, Defendant first contends that this Court cannot toll the Speedy Trial Act based on the "ends of justice" because there has only been one trial date since the mandate issued. The text of 18 U.S.C. 31616(h)(7)(A), however, does not state that an "ends of justice" finding cannot be made for the time leading up to the first trial date. It states that time may be excluded under the Speedy Trial Act for: "Any period of delay resulting from a continuance granted . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial." Because the Speedy Trial Act generally requires trial to commence within 70 days (or 180 days after appeal) any initial trial date set beyond that window is necessarily a continuance. Defendant fails to identify a single case whatsoever, in which any court has held that a court cannot make an "ends of justice" finding for the time leading up to the first scheduled trial date. Indeed, if Defendant were correct, every court would need to set a trial date within 70 (or 180 days) before making an "ends of justice" finding, but that is neither required nor the practice of courts across the country. It is therefore unsurprising that Defendant offered no case in support of his position.

To the contrary, courts regularly exclude the time leading up to the initial trial date using an "ends of justice" finding. *See e.g.*, *United States v. Japhia*, 24-cr-450 (D.D.C. March 17, 2025) (order excluding time between status conference and first scheduled trial date); *United States v. Wang*, 24-cr-211, Dkt 78, 79 (D. Md. Jan. 28, 2025) (excluding time between status conference and first trial date); *United States v. Herbert*, 22-cr-141, Dkt. 122 (W.D.N.Y. July 12, 2024) (excluding time for "ends of justice" between status conference and initial trial date); *United States v. Rayapureddy*, 22-cr-285, Dkt. 188 (W.D. Pa. Oct. 27, 2023) (excluding time for the "ends of justice" between status conference and first trial date); *Davis v. United States*, No. 09-CR-2453, Dkt. 113 (W.D. Tex. Dec. 18, 2009) (finding time leading up to first trial date excludable based on the "interests of justice"). This Court may therefore exclude time here under the Speedy Trial Act.

## II. The ends of justice are served by tolling the speedy trial clock until the current trial date.

Defendant further opposes the Government's Motion by claiming that the ends of justice are not served by waiting until May 3, 2027 to try this case, but the Court's decision to set this case for trial outside the Speedy Trial window belies Defendant's claim. At the May 8, 2026 status

hearing, the Court specifically questioned the government and counsel for each defendant about when trial could realistically occur.[1] Counsel for Defendants Matlock, Rybarcyzk, Deel, and Cooperman all stated that the most realistic date for trial was either the first or second quarter of 2027—a time well outside the Speedy Trial window. *See* ECF No. 775 at 15:12-25:01. Counsel for Defendants Matlock and Hrvatin, who were both retained after the Fifth Circuit reinstated this case, further indicated that, as of May 8, 2026, they had not even received discovery from their clients' prior counsel. *See id*. at 10:09-12:10 and 22:18-24:01. After considering the parties' position, the Court scheduled trial for May 3, 2027.

It strains credulity that this Court would set a trial date well outside the Speedy Trial window without believing that the ends of justice are served by doing so, especially when counsel for multiple defendants indicated that they needed time to prepare this matter for trial and specifically requested that trial occur in either the first or second quarter of 2027. For this reason, the Court can quickly dispense with the Defendant's argument that "there is no reason new counsel need 18 months to prepare for trial in a case that been trial-ready for years," as the Court has heard directly from counsel and seemingly credited those representations by setting trial outside the Speedy Trial window. ECF No. 796 at 3.

Defendant's other arguments in opposition to the Government's Motion are also unavailing. For instance, Defendant argues that this case has simplified over time because defendants have received the Government's trial exhibits and discovery, *see* ECF No. 796 at 4-5, but this case remains complex. Judge Hanen previously certified this case as complex, ECF No. 209, and those original complexities remain, as discovery in this case is still voluminous, the nature of the charges are still complex, and multiple defendants remain in this case. Those complexities

[1] Defendant Edward Constantinescu was not present at this hearing. After the hearing, the Court appointed counsel for Defendant Constantinescu.

are compounded by the fact that significant pretrial litigation has already occurred, requiring newly-retained counsel for four defendants to review this prior litigation along with the voluminous discovery. Put simply, the Government's production of discovery and its trial exhibits does not obviate the need for defense counsel to have time to review those materials and craft a defense, including the filing of motions, hiring of experts, and conducting a fact investigation. Likewise, defense counsel needs time to familiarize themselves with the long procedural history of this case. This is exactly why counsel for multiple defendants told the Court that they needed so much time to prepare for trial.

The ends of justice provision of the Act grants this Court discretion to accommodate delays for case-specific needs. *See United States v. Dignam,* 716 F.3d 915, 921 (5th Cir. 2013). In the present matter, for the reasons set forth herein and in the Government's Motion, there is ample cause to set trial outside the Act's ordinary time limits. Defendant's arguments to the contrary are wholly unpersuasive and conflict with the record before this Court.

## III. Conclusion.

For the foregoing reasons, the Government respectfully requests that the Court grant the Motion and "either orally or in writing, [state] its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Dated: August 19, 2026

Respectfully submitted,

LORINDA LARYEA
Chief
White Collar and Corporate Enforcement Section
Criminal Division, Department of Justice

By: *__/s/ Kashan Pathan__*
Kashan Pathan
Kyle Crawford
Trial Attorneys
Criminal Division
United States Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Tel.: (202) 514-8804

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I will cause the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system.

*__/s/ Kashan Pathan__*
Kashan Pathan, Trial Attorney
U.S. Department of Justice