**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case No. 4:22-cr-00612 |
| MITCHELL HENNESSEY, | § | |
| *Defendant*. | § | |

**MITCHELL HENNESSEY'S REPLY TO**
**UNITED STATES' RESPONSE TO MR. HENNESSEY'S MOTION TO STRIKE**

The government's Supplemental Brief (ECF 793) should be stricken. A month after the response deadline, the government presented an entirely new argument, not just "additional legal authority" as it now asserts, in response to Mr. Hennessey's motion to dismiss. *Compare* 793 at 9 n.4 *and* ECF 799. The government has not articulated any justification—much less, an "impelling reason"—for violating the Court's Procedures and Practices by filing its Supplemental Brief a month after the deadline and seven pages over the limit. *See* ECF 799. Mr. Hennessey has been prejudiced as he was forced to spend time and resources responding to the improperly filed brief. Therefore, Mr. Hennessey respectfully requests that the Court strike the Supplemental Brief.

**A. The Supplemental Brief raises a new argument—not merely "additional legal authority" as the government now claims.**

The government now characterizes its Supplemental Brief as offering only "additional legal authority," but that description is inaccurate. *See* ECF 799 at 1–2. The Supplemental Brief itself made clear that it presented not just additional legal authority, but "*an alternative ground* for the Court to deny the pending motion to dismiss." ECF 793 at 9 n.4 (emphasis added).

In its first response, which was timely filed on June 29, 2026, the government argued that the speedy-trial clock had not expired because its October 31, 2025, motion for a status conference

remained pending, and the May 8, 2026, status conference was merely a *hearing* on that motion, not the status conference the motion requested. ECF 774 at 8–12 ("The Court held a hearing on the Government's motion for status conference on May 8, 2026. . . . Therefore, no days of excludable time have passed since the Fifth Circuit issued its mandate.").

One month after the response deadline, the government filed a Supplemental Brief in which it advanced a completely new argument: "This Court should find that 'other factors resulting from the passage of time [] make trial within seventy days impractical' and extend the speedy trial clock to 180 days. *See* 18 U.S.C. § 3161(d)(2)." ECF 793 at 3. The government explained that it was presenting a new argument but not waiving its previous argument.

> [I]n its earlier response, the government contended that fewer than 70 days had lapsed on the speedy trial clock. ECF No. 774. The government does not waive this previous argument, but it makes *this argument as an alternative ground* for the Court to deny the pending motion to dismiss.

ECF 793 at 9 n.4 (emphasis added).

Thus, the Supplemental Brief did not merely offer "additional legal authority." It presented an entirely new argument—"an alternative ground" to deny the motion to dismiss—based on the text of the Speedy Trial Act itself. The government could have raised this argument in its timely briefing, but did not. *See Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. H-17-1068, 2018 WL 3613148, at *2, (S.D. Tex. July 25, 2018) (striking supplemental brief because "Mattress Firm could have raised its supplemental grounds for excluding Meyer in its timely briefing, but did not."). Therefore, the Supplemental Brief should be stricken.

**B. The government offers no justification for its violations.**

The government continues to violate the Court's procedures, offering no justification and no basis for the Court to excuse its conduct. Instead, the government claims that it filed the second

response "to avoid a circumstance where it raised additional legal authority for the first time at the hearing itself[.]" ECF 799 at 1. It is remarkable that the government thinks it could raise a completely new, unbriefed "argument as an alternative ground for the Court to deny the pending motion to dismiss" at the hearing. *See* ECF 793 at 9 n.4. That is not permissible. Any unbriefed argument raised for the first time at a hearing is waived. *See, e.g.*, *ChampionX Corp. v. AIG Ins. Co. of Canada*, No. 25-20030, 2026 WL 1552721, at *2 n.3 (5th Cir. June 2, 2026) (finding that district court correctly concluded that party forfeited an argument that the party never briefed and raised for the first time orally at a motion hearing); *Psara Energy, Ltd. v. Space Shipping, Inc.*, 427 F. Supp. 3d 858, 859 (E.D. Tex. 2019) ("Psara waived this argument because it was not briefed in their response (Doc. No. 30) but was raised for the first time at the hearing."); *United States v. Ramirez*, No. EP-18-CR-01661-DCG, 2019 WL 96589, at *8 n.11 (W.D. Tex. Jan. 2, 2019) (finding defendant waived argument that his statements were not voluntary because he "challenged the voluntariness of his statements for the first time at the suppression hearing" and "did not raise this argument in either his Motion or his original Reply").

The government's response here is consistent with its pattern of nonchalantly violating the Local Rules and the Court Procedures and Practices,[1] presuming that it will be allowed to do whatever it wants whenever it wants with no consequences. The government asks the Court to "exercise its discretion and deny the Motion to Strike" (ECF 799 at 2), but the Fifth Circuit has long recognized that "[l]ocal rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons." *Wirtz v. Hooper-*

[1] For example, since October 31, 2025, the government has filed four motions without conferring with opposing counsel, despite being notified of the first violation the same day. Those filings include ECF 753 (motion to impose bond conditions); ECF 740 (motion to withdraw); ECF 736 (renewed motion for status conference); and ECF 722 (motion for status conference).

*Holmes Bureau, Inc.*, 327 F.2d 939, 943 (5th Cir. 1964) (affirming dismissal of government's complaint after the Secretary of Labor refused to comply with order requiring compliance with local rule); *see also Victor F. v. Pasadena Indep. Sch. Dist.*, 793 F.2d 633, 635 (5th Cir. 1986) (affirming order striking motion that failed to comply with the local rule); *Hunt v. Tex. Mut. Ins. Co.*, 54 F. App'x. 799, 2002 WL 31845832, *1 (5th Cir. 2002) ("A trial court's expectation that litigants abide by court rules can in no way be characterized as an abuse of discretion."). The government provides no justification—much less an "impelling reason"—for violating the rules, so its Supplemental Brief should be stricken.

**C. The Supplemental Brief caused prejudice.**

The government forced Mr. Hennessey into protracted briefing with its improper filing and then brazenly claims that "there has been no prejudice to Defendant Hennessey by the Government's supplemental filing." ECF 799 at 2. That assertion is demonstrably false. The Supplemental Brief required Mr. Hennessey and his counsel to spend additional time and resources responding to the improper filing—a concrete and quantifiable harm that the government fails even to acknowledge.

The government's Supplemental Brief was improperly filed and should be stricken.

Respectfully submitted,

*/s/ Laura M. Kidd Cordova*

Laura M. Kidd Cordova
State Bar No. 24128031, S.D. Tex. No. 1117332
JACKSON WALKER LLP
1401 McKinney St, Suite 1900
Houston, Texas 77010
(713) 752-4449
lcordova@jw.com

***Attorney for Defendant Mitchell Hennessey***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing was served electronically on all persons via the Court's CM/ECF system.

*/s/ Laura M. Kidd Cordova*
Laura M. Kidd Cordova